## W. H. BASSETT *v.* SCHOOL DIRECTORS OF THE SECOND DISTRICT.

*Mandamus* against defendants to compel them to levy a tax to an amount sufficient to pay plaintiffs' judgment refused. And, *by the Court*—However general and comprehensive the disposition of Art. 830 of the Code of Practice may be, we assume that the power of courts to issue the writ of *mandamus* must be restricted to the cases in which their authority can be vindicated by the enforcement of the process. We are unable to perceive how this can be done in this case.

APPEAL from the District Court of the Parish of Avoyelles, *Cushman*, J. *H. Taylor*, for plaintiff and appellant. *Waddill*, for defendants.

ROST, J.* On the 6th day of November, 1850, the plaintiff obtained a verdict and judgment against the School Directors of the Second School District of the parish of Avoyelles, for the sum of two hundred and seventy-five dollars, with five per cent. interest, from the 22d of May, 1849, and costs, that being the amount of a contract made with the plaintiff, as undertaker for a school house located within the district, and accepted by them.

On the 24th of December, 1850, a *fi. fa.* issued and was returned *nulla bona*, and the Sheriff, to whom said writ was issued, states in his return, that he made a seizure of the school house, but prior to the day of sale, it was burned down. On his examination as a witness, he states that the defendants in the suit pointed out no other property, and the writ was returned.

Some changes having subsequently been made in the direction of the school,

*This case was decided in May, 1852.

BASSETT        and all efforts having failed to obtain payment of the judgment, he petitioned
   v.
SCHOOL DIRECTORS  for a rule on the School Directors to show cause why a *mandamus* should not
issue from the Judge of the District Court of Avoyelles, to compel them to
levy a tax to an amount sufficient to satisfy the amount of the debt, interests
and costs, say $473 60.

The affidavit required by law was made, and on this petition, the Judge
granted the rule prayed for.

On the hearing of the rule, the court dismissed it, and from this judgment
of dismissal, *Bassett* has appealed.

Only one of the three directors cited answered, and stated in his answer,
that the other two had resigned before the service of the citation, and that he
had resigned since. He further denied his power to levy a tax in the manner
claimed.

There is nothing to show that the resignation of the defendants was accepted,
but supposing them to be still directors, no judgment by default was taken
against those who did not answer, and it would not be in our power in the
present situation of the case, to give the plaintiff relief, if he was otherwise
entitled to it.

The District Court was called upon to issue a *mandamus* commanding the
School Directors to assess on the property within their district, and cause to
be collected an amount sufficient to pay the plaintiff's claim, or, in other words,
to compel the exercise of the power to legislate, vested in them by the Act of
1847, and to carry into execution the law they might enact. However general
and comprehensive the disposition of Art. 830 of the Code of Practice may
be, we assume that the power of Courts to issue the writ of *mandamus*, must
be restricted to the cases in which their authority can he vindicated by the
enforcement of the process. We are unable to perceive how it can be en-
forced in this case. In the case of *Claiborne* v. *The Police Jury*, 7 Mart. 4, a
similar application was refused, and the inextricable difficulties in which the
enforcement of the writ, in that case, would have involved the court, are forci-
bly stated in the opinion; they would be still greater in this case. Granting,
for the sake of argument only, that the court would have the power to impri-
son the School Directors, until they obeyed the writ, although one of them
might be in favor of obeying it, we could not prevent them from resigning, or
their resignation from being accepted.

The next application would in that case be, for a *mandamus* to compel an
election of other directors, and if the voters refused to vote, as they probably
would do, process would have to issue against them, under which it would be-
come necessary to send them all to jail and to keep them there until they exer-
cised the first and highest prerogative of freemen.

We do not consider that the Code of Practice has, or could have given us,
the powers which our predecessors declared, they had not in the case of *Clai-
borne.*

The levying of taxes is the highest exercise of sovereignty, and is vested by
the Constitution in the legislative branch of the government. All delegations
of that power to corporations or individuals, and the exercise of it under those
delegations, so far as they do not infringe on the Constitution and laws, are as
the power itself exclusively under the control of the Legislature. If it were
otherwise, the judicial and legislative powers of the government, could not be
kept distinct and separate.

If the agents selected by the Legislature in this case, have failed to per- BASSET
form their duty, and the plaintiff is injured thereby, his remedy is an appli- SCHOOL DIRECTORS
cation to the Legislature, to resume the delegated power, and order the col-
lection of the special tax, which the defendants have neglected to assess and
collect.

Judgment affirmed, with costs.