No. 6370.

STATE EX REL. CARONDELET CANAL AND NAVIGATING COMPANY VS. MAYOR AND ADMINISTRATORS OF NEW ORLEANS.

It is the duty of the Mayor and Administrators of the city of New Orleans to set apart, and provide specifically, in the forthcoming yearly budget, out of the funds to arise from the *general* tax therein levied, means for paying *all* judgments against the city then registered in the office of the Administrator of Public Accounts, and unsatisfied, in the order of their registry. And this duty, the Mayor and Administrators may be compelled, by mandamus, to perform.

It is not their duty to levy a separate tax to pay such judgments; nor is it made obligatory on them to pay such judgments out of the fund in their hands set apart for contingent expenses; although they may, in their discretion, discharge the judgments out of that fund.

If the means arising from the general tax levied in one annual budget are not sufficient to pay all of the registered judgments, provision must be made in each subsequent budget, until all of such judgments are successively extinguished.

The fact that the term of office of the existing Mayor and Administrators of a city is nearly expired, is no ground for defeating, or delaying the legal proceedings of a creditor of the city who has a good cause of action.

APPEAL from the Superior District Court, parish of Orleans. *Lynch, J.*

*H. D. Ogden* for plaintiff and appellee.

*S. P. Blanc,* Assistant City Attorney, for defendants.

The opinion of the court was delivered by

MARR, J.   Relator recovered judgment against the city of New Orleans, which was registered on the fourth of February, 1875, in the office of the Administrator of Public Accounts, as required by acts of 1870, No. 5, section two, and No. 7, sections four and nine.

These acts make it the duty of the auditing officer, the Administrator of Public Accounts, when a judgment is so registered, to warrant on the disbursing officer, the Administrator of Finance, for the amount without any special appropriation, provided there be money in the treasury, designated and set apart for the payment of judgments, sufficient to pay such judgment. If the amount designated in the annual budget, for the payment of judgments, be exhausted at the date when such judgment shall have become final and executory, the Mayor and

9

Administrators may, if they deem it proper, appropriate, from the money set apart in the budget for contingent expenses, a sum sufficient to pay said judgment; but if no such appropriation be made, then all judgments shall be paid, in the order in which they shall be filed and registered, from the first money next annually set apart for that purpose. Sections two and three, act No. 5, of 1870, Extra Session, page 11.

The Mayor and Administrators failed to provide for the payment of the judgment in the annual budget next in date after its registry; and the relator brought this suit in May, 1876, to compel, by mandamus, the performance of this duty.

The Mayor and Administrators answered, substantially:

First—That judgments amounting to $96,740 32 had been registered before that of relator, and must be paid before his.

Second—That it is not the duty of respondents to levy a tax to pay relator's judgment, other than the annual levy made for all purposes at the commencement of the year.

Third—That the contingent fund has been appropriated on the budget for specific purposes, and can not be diverted.

Fourth—That there are no funds in the treasury, or under the control of the respondents, set apart for relator's judgment.

Fifth—That there are immense judgments to be paid before relator's; and he is not entitled to any of the means sought for by him to be preferred to them.

Sixth—That the budget can not be changed or disturbed; that relator has no right to anticipate the action of the city in the next budget; that at the time the next budget will be adopted new incumbents will occupy the seats of respondents; and that respondents can not be ordered to perform that which they will not have an opportunity of doing.

The judgment of the court below decreed that "the writ of mandamus be made peremptory, so far as to compel Charles J. Leeds, J. G. Brown, J. O. Landry, E. A. Burke, Leon Bertoli, Leonce Bouny, Dennis McCarthy, and Edward Pilsbury, the mayor and administrators of the city of New Orleans, to place the judgment rendered in favor of the relator on the 26th of June, 1871, and all judgments registered previous to its registry, ON THE NEXT ANNUAL BUDGET, and to provide for the payment of all said judgments, in the order in which they are registered, through and by means of all taxes imposed, collected, or held for city current expenses, not levied or collected in pursuance of law for some other specific purpose."

The mayor and administrators appealed; and soon after the return day they were succeeded by the present incumbents, who have been properly made parties in this court. The appellee states in his

brief that the remedies refused by the district judge would have afforded immediate relief; but owing to the lapse of time since it was rendered, the judgment, as it now stands, gives all the relief which can be obtained by decree of this court. Our inquiry, therefore, will be limited to the judgment as rendered, without reference to the remedies asked for and refused.

The Act No. 5 of 1870 forbids the enforcement of judgments against the city of New Orleans by execution. It makes it the duty of the department of Public Accounts to register all judgments that have become final and executory when presented ; and this was done with respect to relator's judgment. By section 124, of the act approved March 20, 1856, it was the duty of the city government to provide, in the annual budget, for all the matured debts and obligations of the city; and the adoption of the budget was to be considered the appropriation of the amount for the purposes therein stated. This section of the Act of 1856 is specially referred to and recognized as being still in force, in the second section of the Act No. 5 of 1870. It was, therefore, the plain duty of the mayor and administrators to have provided, in the next annual budget after February 4, 1875, for the payment of this judgment, registered at that date, and all the other then unpaid registered judgments. This plain duty they had failed to perform, although more than fifteen months had elapsed after the registry of relator's judgment before the suit was brought.

The city is not required to levy a special tax to pay registered judgments other than the levy made annually for all purposes ; and a resort to the contingent fund, is discretionary, not compulsory. It is the duty of the city in making up the annual budget to designate and set apart an amount sufficient to pay all the registered judgments, and to pay them in their order out of the money so set apart.

This duty of the city does not depend on the amount of the judgments rendered, but on the fact of the registry. A sufficient amount must be provided, set apart; and if a sufficient sum should not be realized out of such appropriation in the annual budget next succeeding the registry to pay all the registered judgments, such as are not paid must figure, of course, in the next annual budget; and so on until they are all paid according to their respective priorities.

The changes which may take place in the administration of the city government, by the election of new officers, at the expiration of the current term, operate no change in the duties and obligations of the city, nor in the rights of its creditors. If a state of facts existed, at the time relator commenced this proceeding, which authorized him to invoke the aid of a judicial tribunal to enforce his rights, the judgment rendered contradictorily with those who were then

the Mayor and Administrators, would be equally obligatory on the new incumbents succeeding them.

These general observations suffice to dispose of all the objections set up by the Mayor and Administrators in their answer; and the judgment of the District Court orders them to do no more than the act of 1870, sections two and three, prescribes, and makes it their official duty to do.

We have just had occasion, in the suit of Strauss vs. the Administrator of Public Accounts, to consider the first section of this act of 1870; and have decided that it forbids proceeding by mandamus against the auditing and disbursing officers, respectively. to compel the issue or payment of any order or warrant, for any money claimed to be due from the city. The creditors of the city are remitted to the ordinary forms, and are required to bring their suits against the city as a corporation, that is, against the Mayor and Administrators, and not against any branch, or department, or officer of the municipal government.

There is no analogy between that case and this. Relator obtained his judgment against the city in the ordinary form of judicial proceedings; and it was properly registered according to the requirements of the act. But the duty still remained of providing for the payment in the only mode by which judgment creditors of the city are permitted to collect their judgments. This required the action of the Mayor and Administrators, in their aggregate capacity, as a municipal government; the adoption of the annual budget; the levy of the necessary taxes; and the setting apart of a sufficient amount to pay this and all the other registered judgments.

Perfect as the right of relator is to have provision thus made for the payment of his judgment, there is no means or process by which it can be enforced otherwise than by mandamus. The duty of the city to make this provision is not discretionary, either as to the time or the manner. The law imperatively requires that it shall be in the next annual budget, and by setting apart, appropriating, a sufficient amount out of the annual revenues. The duty of the Mayor and Administrators is plain, and the right of the relator is absolute.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be so amended as to substitute for the persons named therein as Mayor and Administrators the persons who succeeded them, the present incumbents, viz.: Edward Pilsbury, Mayor; James G. Brown, Administrator of Public Accounts; Jules C. Denis, Administrator of Finance; John McCaffrey, Administrator of Improvements; Charles Cavanac, Administrator of Commerce; James D. Edwards, Administrator of Water Works; Robert E. Diamond, Administrator of Police; and John E. Rengstorff, Administrator of Assessments; and that said judgment be, in all other respects, affirmed with costs.