## No. 8618.

### The State of ex rel. John Klein & Co. et al. vs. The City of New Orleans et al.

Neither the District Court, nor this Court, has jurisdiction to issue a mandamus, to a municipal officer of the City of New Orleans, for the purpose of drawing money from the municipal treasury.

Section 1 of Act 5 of 1870 is an absolute prohibition and must be respected.

It applies to all persons and to all claims, whether liquidated or not by judgment or otherwise. It does not deprive creditors of other process.

A mandamus may issue at the instance of judgment creditors, under other Sections of the Act, for other purposes. It does not lie for the object of this proceeding.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot,* J.

*Blanc & Butler* for the Relators, Appellants.

*Chas. F. Buck*, City Attorney, for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application by judgment creditors of the City for a mandamus to compel the payment of their recorded judgments, out of funds collected, said to have been appropriated, set apart and deposited in the municipal treasury for the purpose of paying such judgments. The prayer is, that a mandamus issue to the administrator of public accounts of the City of New Orleans, commanding and directing him to warrant on the administrator of finance of said City in favor of relators for the amounts of their judgments in capital, interest and costs, etc. The City was made a party.

The City and the administrator returned, pleading exceptions and other matters of defense.

From a judgment against them the relators have appealed.

One of the exceptions pleaded by the City is, " that the proceeding attempted for mandamus is prohibited by Act No. 5, of 1870, E. S."

In the case of State ex rel. Strauss, 30 An. 81, it was urged that this Act was intended to apply to unliquidated contested claims, and not to those admitted to be due and owing.

The Court, after giving in full the text of the first Section of Act, answers the objection saying, that the Act makes no such distinction, and that judgment creditors are not permitted to resort to the summary process.

Again, in the case of State ex rel. Fernandez vs. Houston, Judge, 34 An. 875, that view of the law was confirmed. The proceeding below was also by a judgment creditor of the City, asking the aid of the District Court by mandamus, to compel the administrator of public accounts to issue to him a warrant for the amount due him. Application having been made to this Court for a prohibition to prevent the District Judge from taking cognizance of the matter over which he had no jurisdiction whatever, this Court granted the relief, saying that it was the intention of the legislature, not only to deprive all persons of that remedy, but to prohibit all courts from even entertaining any application for it in the cases provided for.

The law is prohibitory in character, and is couched in negative terms. It is such that not only the lower, but this Court also, are deprived of jurisdiction over the matter in the form presented. Formal consent could not, in the teeth of the law, confer a jurisdiction which the statute says shall not vest.

While ruling as we do, that no court has jurisdiction to issue a mandamus under Section 1, of Act 5 of 1870, to draw money from the City Treasury, we are not to be understood as saying that a mandamus cannot be allowed under other Sections of that law, or to compel municipal authorities to do other acts, or under other laws, to levy a tax in proper cases; or, municipal officers to perform ministerial duties.

Regarding the judgment appealed from as one which does not deprive the relators of the right of asserting their claim in another form, we do not disturb it.

It is, therefore, affirmed with costs.

Rehearing refused.