On the Merits.
The relator entered into a contract with the city of New Orleans in June, 1905, for repaving a part of Poydras street. Under the terms of the contract, the city’s portion of the cost of the work, represented by the usual certificates, was to be paid out of the reserve fund budget for the year 1907. The work was duly performed, and was accepted in May, 1906. The necessary certificates were issued to relator, amounting in principal to $55,002.90 and bearing 5 per cent, interest from date. In November, 1906, the city council adopted a budget of expenditures for the year 1907, and appropriated out of the reserve fund for that year the sum of $61,000 for repaving Poydras street, pursuant to the ordinance under which the contract was let to the relator. In November, 1907, the city council by ordinance amended the budget of 1907 so as to increase the alimony of - the city beyond the 80 per cent, allowed by law, thereby reducing the reserve fund available for the payment of relator’s claim. Whereupon the relator instituted the present mandamus suit.
The facts are not disputed, but as a matter of law it is urged by the city of New Orleans that relator’s remedy is by ordinary action against the city as provided by Act No. 5, p. 10, of the Extra Session of 1870. The first section of the act reads as follows:
“That from and after the passage of this act, no court within the state shall have authority or jurisdiction to allow, order, hear, entertain or enforce any summary process or proceeding, or-order of mandamus, or any order or proceeding in the nature of an order or writ of mandamus, either against the Controller, Deputy Controller or any auditing officer of the city of New Orleans, the object of which shall be, either directly or indirectly, to compel said Controller or Deputy _ Controller, or auditing officer, to issue- and deliver any order or warrant for payment of money, or against the treasurer, assistant treasurer, or any officer or officers charged with the disbursement of the moneys of the city of' New Orleans, the object of which shall be, directly or indirectly, to enforce the payment of money claimed to be due from the city of New Orleans to any person, persons, corporation or corporations whatsoever, but all actions or proceedings for the recovery of any sum of money claimed to be owing by the city of New Orleans shall be in the ordinary form of action instituted against the city of New Orleans as a. corporation, and not against any branch, department or officer thereof, and shall in all respects,, be conducted in the same manner as ordinary actions.”
The second section prohibits the issuing of writs of fieri facias against the city of New Orleans, and makes it the duty of the council to provide for the payment of judgments by annual budget appropriations. The fourth section makes the auditing and disbursing officers of the city of New Orleans responsible on their bond to any person damaged or suffering loss by their failure to perform their-duty or by reason of their neglect or malfeasance. ■
In State ex rel. Strauss v. Brown, 30 La. Ann. 78, the constitutionality of this abt -was affirmed. That was a mandamus suit to compel the auditor of public accounts of the city of New Orleans to issue a warrant for the-amount due on certain pay rolls. The suit was dismissed on an exception of no cause of action based on Act No. 5, p. 10, of the-Extra Session of 1S70. The court followed the plain words of the statute, and held that its manifest object was to restrict creditors-of the city to the ordinary forms of action in the enforcement of their claims, whether liquidated or not, and to protect the property and revenues of the city from seizure under execution, by providing that judgments should. *762 be registered and paid in their regular order by budget appropriations.
In State ex rel. Canal Navigation Co. v. Mayor, etc., 30 La. Ann. 129, the court compelled the city council by mandamus to make budget appropriations for the payment of registered judgments.
In a subsequent suit between the same plaintiff and the city authorities and officers (State ex rel. Canal & Navigation Co. v. Pilsbury, 30 La. Ann. 705), the court held that mandamus would lie to compel the payment of a judgment out of a special fund collected for the payment of registered judgments. In the same case the court referred to Strauss v. Brown, supra, as essentially different.
In State ex rel. Fernandez v. Judge, 34 La. Ann. 875, a judgment creditor applied for a mandamus to compel the auditing officer of the city of New Orleans to issue a warrant for the payment of his claim. The relief prayed for was denied on the ground that Act No. 5, p. 10, of 1870, Extra Session, expressly prohibited such a remedy; citing Strauss v. Brown, supra. In State ex rel. Klein & Co. v. City, 35 La. Ann. 781, an application for a mandamus by a judgment creditor to compel the auditing officer of the city to warrant on the administrator of finance for the amount of the judgment was denied. In that case it was alleged that funds had been appropriated and collected for the payment of the judgment. It does not appear that the judgment had been registered and that relief was sought under the provisions of the statute. In Shotwell v. City of New Orleans, 36 La. Ann. 938, the court held that an ordinary creditor had the right to enjoin the diversion of funds that had been specially appropriated in the budget for the payment of his claims. In that case, as in this, the attempted diversion was by means of an amended budget. The court, however, recognized the authority of Strauss v. Brown, supra, in mandamus proceedings.
The case of State .ex rel. De Leon v. City, 34 La. Ann. 477, involved bonds issued under Act No. 49, p. 45, of 1869. The case of Badger v. City of New Orleans, 49 La. Ann. 804, 21 South. 870, 37 L. R. A. 540, was a proceeding by mandamus and injunction against the city council alone. State ex rel. Foy v. Mayor and Council, 49 La. Ann. 946, 22 South. 370, was an abortive attempt to mandamus the council to provide in the budget for the payment of a judgment.
We agree with counsel for relator that the law forbids the diversion of the funds budgeted to pay his claim by means of an amendment of the budget or otherwise. But we are constrained under the terms of the statute and under the principle of stare decisis to hold that relator has no remedy by- mandamus directed against the comptroller and the treasurer of the city.
We have nothing to do with the policy of the law, which seems to leave the prompt payment of acknowledged claims due by the city and provided for in the budget to the discretion of the municipal authorities.
It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that relator’s suit be dismissed, with costs in both courts, without prejudice to any other legal remedy he may have in the premises.