No. 9834.
Orleans Appeal.

HENRY A. TESTARD, Appellant, v. DANIEL WILLIAMS; A. S. HOWELL, Intervenor.

(April 13, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. Louisiana Digest—Mandamus—Par. 14.

Courts will condemn no one to do that which is inherently impossible, nor render a judgment the execution of which it cannot enforce.

2. Louisiana Digest—Executory Process—Par. 62, 63.

After the sheriff has seized the property of the defendant, there is no law which prevents the plaintiff and the defendant from selling the property in the absence of an intervention from a third person.

3. Louisiana Digest—Executory Process—Par. 62, 63; Sequestration—Par. 32.

An intervention comes too late after the property seized has left the possession of the sheriff.

4. Louisiana Digest—Mortgages—Par. 93; Pleading—Par. 18.

No one can complain of a sale unless he alleges that it has caused him an injury.

Appeal from First City Court, Hon. Val J. Stentz, Judge.

This is a suit to compel the sheriff to advertise and sell an automobile seized by him. Judgment ordering sheriff to sell automobile. Sheriff appealed.

Judgment against sheriff reversed and the rule taken by intervenor dismissed.

Francis P. Burns, Woodville & Woodville, attorneys for plaintiff and appellee.

J. A. Morales, for intervenor.

W. O. Hart, attorney for Civil Sheriff, defendant and appellant.

CLAIBORNE, J. This is a suit to compel the sheriff to advertise and sell an automobile seized by him.

In May, 1921, Frank Scara sold to the defendant an automobile for the price of $398.95 in part payment of which he furnished two promissory notes aggregating $114, secured by vendor's privilege and chattel mortgage; the plaintiff herein, Testard, acquired said notes, and in these proceedings, issued executory process against the defendant on January 17, 1922, for the sum of $114 with 8% per annum interest from May 23, 1921, till paid, and 20% attorney's fees.

By virtue of the writ issued in that case the sheriff seized the automobile and turned it over to the plaintiff for safe keeping in his garage in order to avoid costs.

A few days afterwards, the defendant called upon the plaintiff and told him to sell the automobile; a few days later the plaintiff sold it for $150, which was an amount less than his claim; at that time he had not been advised of any claim against the car.

On May 9, 1923, over a year after the above proceedings, one Albert S. Howell filed an intervention in this suit. He averred that the car had been seized by the sheriff while in his possession for repairs; that his bill for repairs amounted to $284.90; that he filed with the sheriff a sworn statement of said repairs, which remains still due; and he prayed for judgment recognizing his privilege on the car, after payment of plaintiff's claims.

The plaintiff answered claiming that intervenor's privilege was inferior to his under Sec. 4 of Act 198 of 1918, p. 373.

On December 20, 1923, there was judgment in favor of intervenor against Williams for $284.90 with privilege, "subject to any prior lien in favor of Henry A. Testard, the plaintiff."

On June 12, 1924, the intervenor Howell took a rule against the sheriff to show cause why the car seized by the sheriff should not be advertised and sold, and intervenor's claim paid after liquidation of said balance due under said chattel mortgage.

This rule was made absolute on July 3, 1924.

At the time this rule was tried, the attorney for the sheriff admitted that the car was still in the possession of the sheriff. In this admission the attorney was mistaken, as the above facts show.

The trial judge stated that at the time he rendered the above judgment of July 3, 1924, he also was under the impression "that the car was still in the hands of the sheriff".

The sheriff applied for a new trial of the above rule.

Howell resisted this application upon the ground that he was only seeking to enforce his lien from the proceeds of the sale "after plaintiff be paid·in full".

The rule for a new trial was refused.

From the judgment of July 3, 1924, ordering the sale of the car by the sheriff, the sheriff has appealed.

The facts stated above are all admitted, as well as the priority of plaintiff's privilege over the car or its proceeds.

There are three reasons why the judgment appealed from must be reversed:

1st. The first one is that the car is no longer in his possession nor in that of the plaintiff and that the judgment cannot be executed. Courts will condemn no one to do that which is inherently impossible nor render a judgment the execution of which

it cannot enforce. Bassett vs. School Directors, 9 La. Ann. 513.

In State ex rel. Samory vs. City, 34 La. Ann. 469, the Court said on p. 473: .

"It is a fundamental principle of the law of mandamus", says Mr. High, "that the writ will never be granted in cases ·where, if issued, it would prove unavailing, and whenever it is apparent· to the Court that the object sought is impossible of attainment, either through want of power on the part of the persons against whom it is invoked, or for other sufficient causes, the Court will refuse to interfere." High on Ex. Rem. S. 14, and authorities there cited. Affirmed in State vs. Mayor, Etc., of City of New Orleans, 49 La. Ann. 946, 22 South. 370; 100 La. 621-631; and State vs. Cavanac, 30 La. Ann. 237.

In Gaither vs. Green, 40 La. Ann. 362, 4 South. 210, the Court cites the same author: See 140, 141, as follows:

· "The rule is well established that mandamus will never issue when it would be nugatory from want of power in the respondent to perform the act required."

In State ex rel. Marr vs. Judge, 52 La. Ann. 1, 26 South. 812, the Court said:

"Where an order of mandamus, even if granted, could not be executed for the reason that at the time of its issuance there would be nothing then existing upon which it could ·be made to operate, the mandamus will be refused." Affirming State ex rel. Romain vs. Board, 49 La. Ann. 578, 21 South. 731.

In the case of the U. S. vs. Boutwell, 84 U. S. 604, the Court said on p. 608:

"Therefore, whatever may be the rule elsewhere (in England) here a writ of mandamus must abate whenever the performance by defendant of the personal duty it seeks to enforce has become impossible."

2nd. After the sheriff had seized the automobile and put it into the hands of the plaintiff, as keeper, the defendant authorized the plaintiff to sell it. The plaintiff

sold it for a price below amount of his claim.

The transaction was legal and transferred a title to the third purchaser free from any claims. The intervenor filed a statement of his claim with the sheriff alone, not with the plaintiff who was ignorant of it. The intervenor mistook his remedy. He should have done then, what he did more than a year afterwards, file an intervention under Article C. P. 401, and notify both the plaintiff and the sheriff.

An intervention comes too late after the property seized has left the possession of the sheriff, 27 La. Ann. 239; Carroll & Co. vs. Bridewell; or after the sale and distribution of the price. 27 La. Ann. 160; Dameron & Co. vs. Eaton & Barstom.

3rd. But intervenor is not asserting a privilege superior to the plaintiff; he admits that his claim is inferior in rank to that of plaintiff. The auto sold for $150 only; an amount insufficient to pay plaintiff's claim in capital, interest and attorney's fees, not including the costs of suit. It is not alleged that the auto was worth more, or could have been sold for more.

A sale will not be set aside unless the complainant shows that it has caused him injury. 1 H. D. 641, No. 18; 31 La. Ann. 839; New Orleans Insurance Association vs. LaBranche.

It is therefore ordered that the judgment herein rendered against the sheriff on July 3, 1924, be reversed and set aside; and it is now ordered that the rule herein taken on June 12, 1924, by intervenor, Albert S. Howell, against the sheriff, and the plaintiff herein, Henry A. Testard, be dismissed at the cost of intervenor.