RICHMOND . v. AFRICAN METHODIST EPISCOPAL ZION CHURCH OF NEW ORLEANS

——

(April 12, 1926, Opinion and Decree)

——

*(Syllabus by the Court.)*

1. **Louisiana Digest—Obligations — Par. 148, 173.**

A specific performance of a contract will not be ordered when it is not in the power of the defendant to perform it.

2. **Louisiana Digest—Judgment—Par. 1, 5.**

Courts will not render a judgment which it is not in their power to enforce.

3. **Louisiana Digest—Judgment—Par. 10, 11; Pleading—Par. 114.**

Plaintiff cannot be recognized to be the owner of lots when · the registered owner is not made a defendant.

Appeal from Civil District Court, Division "D", Hon. Porter Parker, Judge.

Action by Jacob Richmond against African Methodist Episcopal Zion Church of New Orleans. There was judgment for defendant and plaintiff appealed.

Judgment amended and affirmed.

R. A. Tichenor, McGee and Dobbins, of New Orleans, attorneys for plaintiff, appellant.

Michel Provosty and F. Rivers Richardson, of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J.   This is a suit for specific performance of a contract of sale.

Plaintiff alleged that on January 20, 1922, he agreed to purchase from the defendant, two lots of ground on Willow Street for the price of $1450, on account of which he deposited $145, "the title to be subject to examination and approval by Mr. Tichenor, attorney * * * The parties hereto waive the benefits conferred by Article 2462 R. C. C., and agree, that neither shall have the right to recede from this contract by forfeiture of the deposit by the one, or return of double by the other";

That the title to said property was rejected by the said Tichenor; that on April 19, 1922, plaintiff demanded of the defendant a return of his deposit, which defendant refused to return, and expressed its readiness to execute the sale, in default of which it would forfeit the amount deposited by the plaintiff; that thereupon the plaintiff removed the objection to the title and notified the defendant that he would accept the title; but the defendant then changed its mind and declined to make the sale; that on September 27, 1922, the plaintiff then notified the defendant that on October 2, 1922, at the office or Mr. Tichenor he would be prepared to take title to the two lots; that, at the appointed time, he appeared before the notary but that the defendant failed to come; that at the time when the defendant insisted upon passing the act of sale and refused to return the deposit he had agreed on July 28, 1922, to sell the two lots to Miss Bork for $1500, to whom he might be liable in damages for failure to make the sale; that

he is entittled to an action for specific performance.

He therefore prayed for judgment against the defendant "ordering the specific performance of the contract of sale above referred to, and decreeing petitioner to be the owner of the property herein described upon the payment of the purchase price, etc."

Defendant admitted the agreement to purchase, but that Tichenor rejected the title; that thereupon defendant sold the property to the Realty Liberty Company on October 27, 1922, duly registered "and that accordingly your respondent has not now the power to specifically perform the contract in question"; further answering defendant alleged that the plaintiff is indebted unto it in the sum of $100 for the rents of said lots which the defendant collected and owes the defendant.

There was judgment in favor of the defendant on the main demand dismissing plaintiff's claim, and in favor of defendant on its reconventional against the plaintiff for $100.

The plaintiff has appealed.

The facts of the case are correctly narrated by plaintiff in his petition up to the time when Tichenor rejected the title.

We have seen that the agreement of sale was made on January 20, 1922. On April 19, 1922, R. A. Tichenor wrote to the defendant:

"Mr. Kirn has refused to release the African Methodist Episcopal Church of New Orleans from that part of the obligation in deed which stipulated that the property should be 'used, kept, maintained, and disposed of as a place of Divine Worship, etc.' My client therefore cannot accept the title and wants the return of the ten per cent deposit which he made with Mr. John M. Hubert, Real Estate Agent."

We have already referred to the letter of the defendant to the plaintiff dated May 25, 1922, refusing to return the deposit and expressing readiness to carry out the agreement of sale.

Walter C. Davis, chairman of the trustee board of the defendant, testified that the defendant had sold the two lots, and in support of his testimony offered in evidence a copy of an act before G. Fernandez, Jr., notary, dated October 27, 1922, Reg. October 27, 1922, C. O. Bk. 359, p. 160, by which the defendant sold the two lots mentioned in plaintiff's petition to the Liberty Realty and Securities Company.

To this act is annexed a clear conveyance certificate also dated October 27, 1922, certifying that the defendant had not alienated said two lots.

Notwithstanding this certificate it appears from a certificate endorsed upon the back of the agreement of sale between the plaintiff and the defendant that this agreement was registered in the conveyance office on October 4, 1922, but in the name of the "Petty Chapel A. M. E. Zion Church". Whether that was a sufficient and proper registry as to name is not before us.

The prayer for specific performance cannot be granted, for it is no longer in the power of the defendant to sell the two lots to the plaintiff for the very obvious reason that it has sold the lots to another person and that it is no longer the owner of them. Conceding for the sake of argu-

ment, that a judgment of specific performance of a contract of sale can be rendered, it can only be rendered when it is within the power of defendant to perform; when it is out his power, the remedy of the plaintiff is exclusively a demand in damages. *Lex neminem cogit ad vana.* C. C., 1926-1927.

But the court itself will not render a judgment which it is not in its power to enforce. Bassett vs. School Directors of the Second District, 9 La. Ann. 513; State vs. City of New Orleans, 34 La. Ann. 469; Gaither vs. Green, 40 La. Ann. 362, 4 South. 210; State vs. Mayor, Etc., of City of New Orleans, 49 La. Ann. —, 22 South. 370; State vs. North American Land & Timber Company, 106 La. 622, 31 South. 172.

Nor can this court render a judgment decreeing plaintiff to be the owner of the lots described in the petition for the obvious reason that the Liberty Realty & Securities Co., Inc., the registered owner of the lots at the date of the filing of this suit, was not made a party to this suit, as was the case in Lehman vs. Rice, 118 La. 975, 43 South. 639.

The judgment of $100 in favor of the defendant and against the plaintiff is not supported by the evidence. The testimony is that the plaintiff collected only $20. But considering the deposit of $145 under the control of the defendant we conclude to relegate that claim for future adjustment.

It is therefore ordered that the judgment rejecting the demand of the plaintiff for a specific performance by defendant of the contract of sale be affirmed; that there be a judgment of non-suit to so much of plaintiff's petition demanding to be recognized as the owner of the two lots described in the petition herein; and that defendant's reconventional demand be rejected as in case of non-suit; the plaintiff to pay the costs of the district court and the defendant the costs of appeal.