### ROUNDY *v.* SMITH.

Neglect to make or repair a fence according to the division of fence-viewers does not render a party liable for the whole costs of the division.

An action for one half of the fees of fence-viewers cannot be maintained until the fees have been paid.

ASSUMPSIT, for fees paid to fence-viewers. Facts found by a referee. The fence-viewers, on due application, divided the line fence between the parties, and awarded that each party should pay one half of their fees taxed at $6, which were paid accordingly. The defendant unreasonably neglected to build her part of the fence, whereupon the plaintiff demanded of her repayment to him of $3, being one half the sum that he had paid to the fence-viewers under their award.

On the application of the plaintiff, the fence-viewers viewed a line fence between the parties, adjudged that the defendant's part of the fence was insufficient, that she should repair it within ten days, and pay their fees taxed at $12. The fees have not been paid to the fence-viewers. The plaintiff offered payment to one of them, who did not receive it, but told him to let it go till he collected it of the defendant. The court ordered judgment for the plaintiff for $15, and the defendant excepted.

*Batchelder & Faulkner,* for the plaintiff.

*Leonard Wellington,* for the defendant.

CARPENTER, J. Section 3, chapter 136, of the Revised Statutes (P. S., c. 143, s. 4) provided that the fence-viewers on application should make a division of the fence between adjoining owners who were unable to agree upon a division, and section 5 (P. S., c. 143, s. 6) provided that on the application of either party the fence-viewers should view any fence alleged to be insufficient, and if they found it insufficient should limit a time, and notify the delinquent party to build or repair it within that time. Section 14 was as follows: "Each fence-viewer shall be allowed one dollar per day for his services, to be paid by the party making the application, and he shall be entitled to demand and recover the one half thereof of the other party, in an action of assumpsit for money paid for his use, unless in the opinion of the fence-viewers justice requires a different division of the costs, in which case they may so order." In 1858 the legislature enacted, "That when fence-viewers shall find upon any view, that

any party or parties have neglected to build or repair fences, which, according to a previous division, or a previous settlement by fence-viewers, he or they were liable to build or keep in repair, such delinquent party or parties shall pay the cost of the view." Laws 1858, *c.* 2106. The act did not affect the costs of making a division under section 3. It related exclusively to the costs of a view under section 5. The legislature thought it just that where on a view the fence was found insufficient, the party whose negligence made the view necessary should pay the whole costs.

In the revision of 1867, section 14 and the act of 1858 were combined in a single section, and condensed as follows : " The fence-viewers shall be paid each one dollar per day for his services, by the party making the application, who may recover one half thereof of the other party, unless the fence-viewers otherwise apportion the costs ; but in case of neglect by such other party to make or repair the part of the fence which he is bound to maintain, the whole costs may be recovered of him." G. S., *c.* 128, *s.* 15 (G. L., *c.* 142, *s.* 15; P. S., *c.* 143, *s.* 22). No alteration of the law was intended. Comm'rs' Rep. G. S., *c.* 129, *s.* 15. But the law is materially altered if, as the plaintiff claims, the last clause applies to the costs of a division of the fence by the fence-viewers. Though the language may be capable of such a construction, it is not the necessary or more natural meaning. A purpose to make the party's obligation to pay costs depend upon his subsequent conduct or misconduct, is not natural or probable. In the absence of unambiguous and decisive language, a legislative intention to make the payment of the costs of a final judgment on one issue contingent upon subsequent events—dependent on the result of the trial of another and different issue arising afterwards—cannot be found. The consequences to a party of his neglect to build or repair the part of a fence which he is bound to maintain are pointed out by the statutes. P. S., *c.* 143, *ss.* 7, 9, 10, 11, 15. If the legislature intended to subject him to a liability for the costs of a previous controversy respecting the division of the fence, adjudicated it might be months or possibly years before, the intention would not have been left to inference from doubtful or indecisive language. By the express terms of the statute it is " such other party " alone,—that is to say, the party against whom the application is made,—who in case of neglect is required to pay the whole costs. The party applying for a division may neglect to build or repair the part of the fence assigned to him, and the statute, if held applicable to the costs of a division, would, for the same misconduct, punish in costs one party and not the other, with no reason for the distinction. It is reasonable that a party be required to pay the costs of a judgment, the necessity

for which is caused by his neglect of duty.    The revisers of 1867 understood that such was the effect of the clause in question, and it reasonably admits of no other construction.

The omission in the revision of the words "in an action of assumpsit for money paid for his use," is a verbal alteration not affecting the sense.    Until the plaintiff pays the fence-viewers no cause of action against the defendant accrues to him.    *Whittier* v. *Johnson*, 38 N. H. 160.

*Exception sustained.*

SMITH, J., did not sit : the others concurred.