# WIDOW DE MONTLUZIN vs. WIDOW LAMAGOU.

## Syllabus.

There are two kinds of earnest money. The first which accompanies a mere promise of a projected sale; the second which succeeds an absolute agreement of a concluded sale.

Either party may recede from the first by forfeiting the earnest money; neither may recede from the second.

The question whether the contract is a promise of sale or a concluded agreement of sale is a question of fact to be determined by the Judge.

Appeal from the Civil District Court for the Parish of Orleans, Division "A," No. 107,876. Honorable T. C. W. Ellis, Judge.

Hubert & Wolf, for plaintiff and appellee.

A. J. Rossi for defendant and appellant

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

The plaintiff and defendant signed the following document:

### "Baccich and De Montluzin.

"I hereby offer to purchase the following property: Lot on Scott Street, etc., and for the price and sum of $750, terms cash. Property to be clear of paving liens, taxes for 1913 to be paid by purchaser. Upon acceptance of this offer I will at once pay you ten per cent of amount of above offer on account of purchase price. Act of sale at my expense before my notary public which I bind myself to sign, and to pay to vendor the purchase price, if a good and valid title, free of incumberances, can be made to me.

In the event of acceptance, and my failure to comply with the terms of this offer, I obligate myself to pay on demand your commission of three per cent on this sale, and any attorney's fees and costs of Court which you might incur in enforcing collection of your claim.

(Signed) "Mrs. Widow Lamagou."

"I hereby accept the above offer, and agree to pay to Baccich and De Montluzin a commission of three per cent on amount of purchase price.

(Signed) "Mrs. Amelia De Montluzin,
"pp. R. E. E. De Montluzin.
"Mrs. Amelia De Montluzin.

Thereupon, Widow Lamagou paid the plaintiff the $75 mentioned in the document. No receipt was given for this payment. But the plaintiff alleges that it was paid "on account of the purchase price."

An act of sale was prepared with all certificates and tendered to defendant, who refused to sign. Hence this suit for specific performance.

The defense is "that the sum of ten per cent of the contemplated purchase price was given to plaintiff as earnest money, balance to be paid when act of sale of property was passed," and that she wishes to recede from said promise of sale by forfeiting the amount deposited as earnest money.

The question is, can the payment of the $75 "on account of the purchase price" be considered as earnest money, and can the defendant be released by forfeiting it?

C. C., 2463 (2438) says:

"But, if the promise to sell has been made with the giving of earnest, each of the contracting parties

is at liberty to recede from the purchase, to-wit, he who has given the earnest by forfeiting it; and he who has received it, by returning the double."

There are two kinds of earnest money. The first which accompanies a mere promise of a projected sale; the second of a concluded sale.

> 2 Pothier on Sales, Part 6, Chapter 1, Article 8, No. 497; 3 Baudry-Lac., p. 293, S. 459; I Domattit, 2 Sec. 6, No. 4, p. 171; 24 Laurent, p. 37; 1 Troplong Vente, No. 138, p. 167; 2 Merlin Rep. Iur., Vo. Arrhes, p. 94.

Either party may recede from the first by forfeiting the earnest money; because in the contemplation of the parties the earnest money is given under that condition. Neither party may recede from the second, because in the intention of the parties the money is paid on account of the price and to bind the sale. It would be absurd to hold that a payment which had been made to confirm the sale could be used to loosen the knot which binds the parties together. It is therefore a question of intention, did the parties merely make a promise of sale, or did they actually make an agreement of sale. Their intention must be ascertained from the contract signed by them, by the amount and quality of earnest money, and by surrounding circumstances to be determined by the Court.

> 34 A., 677; 117 La., 992; 127 La., 1066; 122 La., 378; 4 Dalloz on Art. C. N., 1590; 43 Dalloz Rep. Legisl., p. 119, No. 330; 3 Acollas on Art. 1590, p. 248; 3 Baudry-Lac., p. 294, 461; 17 Id., p. 37, 52; 5 Boileaux, p. 596; 7 Demante, p. 27, 16; Duranton, No. 50, p. 64, 71; 24 Laurent, p. 38, No. 27, 28; 4 Aubry & Rau, p. 339, Note 37; 6 Marcade, p. 181; 1 Troplong Vente, No.

139 to 145, p. 170 to 188; 2 Merlin Rep. Jur., Vo. Arrhes, p. 95; 1 Duvergier, p. 143, No. 133.

An examination of the contract before us satisfies us that it represents an absolute and concluded sale. There was an offer to buy a certain thing for a fixed price accepted by the owner. Even considered as a promise of sale it amounted to a sale under C. C., 2462 (2437) and gave to "either party the right to claim recta via, the delivery of the thing or the payment of the price."

28 A., 31 (34); 17 La., 451; 104 La., 133.

We are supported in this view by the decision in the case of Provenzano vs. Gleason, 122 La., 378, where the agreement of sale, copied on page 384, seems to have served as a model for the contract sued upon in this case and by defendant's offer to pay ten per cent "on account of the purchase price." There was judgment condemning the defendant to accept the title tendered and to pay to plaintiff the balance of the price agreed upon, say,

|  |  |
|---|---|
|  | $675.00 |
| The cost of the act of sale | 10.00 |
| And the taxes of 1913 | 13.05 |
| Making a total of | $698.05 |

Appellees ask to be allowed further the costs of certificates and acts of tender. The certificates were a charge of the vendor and the act of tender was unnecessary; the act of sale was all the tender required.

The judgment further subjected the execution thereof to a second tender with clear certificates. We think the defendant is entitled to this second tender with new and clean certificates of conveyance, mortgage, and United States Courts; the cost of said certificates to be advanced

by the plaintiff but to be recovered by her from the defendant in addition to the judgment herein.

As thus amended it is ordered that the judgment of the lower Court be affirmed with costs in both Courts to be paid by the defendant.

St. Paul, J., I concur on the authority of **Provenzano vs. Gleason, 122 La., 378.**

Opinion and decree, November 23rd, 1914.

Rehearing refused, January 5, 1915.

Writ denied February 8th, 1915.