(43 South. 639.)

No. 16,318.

LEHMAN v. RICE et al.

(April 15, 1907.)

</div>

1. VENDOR AND PURCHASER—PROMISE TO SELL —CONSTRUCTION.

A promise of sale amounts to a sale in the sense that it gives the purchaser the right to demand a specific performance of the obligation to transfer and deliver the property. Where the conditions have been performed, the legal title passes as of date of the original agreement.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 83–85.]

2. SAME—BONA FIDE PURCHASER.

A promise of sale duly accepted and recorded confers a real right on the purchaser, of which third persons are bound to take notice, and such right cannot be defeated by a subsequent sale of the same property recorded prior to the execution of the deed pursuant to the promise of sale.

(Syllabus by the Court.)

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; William Joel Sandoz, Judge ad hoc.

Action by A. Louis Lehman against William M. Rice and others. Judgment for plaintiff. Defendants appeal. Affirmed.

Pujo, Moss & Sugar and Kenneth Baillio, for appellants. Gilbert Louis Dupré, for appellee. Lewis & Lewis, for interveners.

LAND, J. On February 8, 1906, J. A. Haas and A. Louis Lehman executed a notarial contract, styled a "promise of sale," in which the former acknowledged the receipt of $2,050 from the latter "on account of the purchase price" of 800 acres of land situated in the parish of St. Landry. The act contained the following stipulations:

"And, in consideration of, the said partial payment on the purchase price of said lands, the said Haas has promised and does by these presents hereby promise and obligate himself to execute a deed of sale to the said Lehman of the said lands for the price and consideration of fourteen dollars ($14.00) per acre, payable in cash as soon as the abstract of title to said lands are furnished to the said Lehman. * * *

"And in consideration of this promise of sale the said Lehman promises and obligates himself to accept the sale when the abstract is completed and delivered to him, and pay the purchase price for said lands, as set forth above."

This contract was duly recorded on the day of its execution.

It appears that on January 26, 1906, J. A. Haas had executed an act of sale covering a part of the same lands, but in blank as to the name of the vendee, and had intrusted the same to Littell & Lawler, real estate brokers, employed to find a purchaser. On February 13, 1906, this document was filled in, and was signed and accepted, by W. M. Rice and J. C. Ward as purchasers, before a notary public at Lake Charles, La. This act was duly recorded in the parish of St. Landry on February 14, 1906.

On February 25, 1906, J. A. Haas sold and conveyed the 800 acres of land to A. Louis Lehman pursuant to the promise of sale, and the title was duly recorded in the parish of St. Landry on March 2, 1906.

It is an undisputed fact that the broker who delivered the deed to Ward and Rice was notified by J. A. Haas prior to that transaction that the proposed deed was withdrawn, and that the lands had been sold to other parties.

Plaintiff instituted the present action, praying to be decreed the owner of the lands in controversy, and that the inscription of the defendant's title on the public records be canceled.

Defendants pleaded an exception of no cause of action and want of proper parties, thereupon J. A. Haas made himself a party

to the suit, in order that the judgment might be final and conclusive as to all parties concerned on the questions of title, ownership, and warranty. This intervener joined plaintiff in his demands against the defendants. The exceptions were overruled.

The defense as set up in the answer was, in substance, that long prior to the exception and recordation of the two acts executed in favor of the plaintiff, the defendants had secured from John A. Haas an option or right to purchase a part of the lands described in the petition, all of which was well known to the plaintiff, and "that in securing from said Haas the aforesaid promise of sale, as also the sale declared upon by him, as set forth in his petition, both said Haas and plaintiff acted in bad faith, and with intent to deprive respondents of their rights in the premises"; that on January 27, 1906, the said Haas, through his agent, L. E. Little, executed and signed the act of sale of that date for acceptance and delivery to defendants, and that they accepted the same on February 13, 1906; that between said date, while defendants were investigating and clearing up certain technical and minor omissions in the abstracts of the title, Haas and the plaintiff, with a full knowledge of the facts, and in bad faith, executed the acts referred to in the petition, in order to deprive defendants of their rights in the premises; and that defendants had several times tendered to Haas the cash and notes called for by the deed of January 27, 1906, which the said Haas in bad faith refused to accept. Defendants alleged and prayed in the alternative for judgment against Haas for $1,500 as damages.

There was judgment in favor of the plaintiff, and the defendants have appealed.

The question below seems to have been one of good or bad faith to judge from the answer and the mass of parol testimony adduced on the trial of the case. The judge held that plaintiff's title being first of record, his own-ership must be recognized, unless he was in bad faith, and, after reviewing the evidence, held that the plaintiff was in good faith. On the latter phase of the case the judge a quo concludes as follows:

"Pending the time that the Haas sale, of date January 27, 1906, was in the hands of Little, without any vendee being inserted therein, up to the time the blank was filled on February 13, 1906, and the sale accepted by Rice and Ward, there can be no doubt that the property was yet the property of Haas and Lewis. It therefore appears conclusive that the doctrine that knowledge of the unrecorded title on the part of Lehman constitutes bad faith cannot be applied to the case at bar, for the very simple reason that at that time there was no unrecorded title between Haas and Rice and Ward. Willett v. Andrews, 106 La. 324, 30 South. 885."

In this court counsel for the appellants say in their brief:

"According to our appreciation, the solution of this litigation hinges upon the law governing the registry of acts of transfer."

And their argument is that a promise of sale does not transfer the title, and is therefore not sufficient to support a petitory action. This contention is supported by Peck v. Bemiss, 10 La. Ann. 160, and other authorities. In Baldwin v. Morey, 41 La. Ann. 1107, 6 South. 796, the court said:

"The contract between the parties is, under our jurisprudence, not a sale, but a conditional agreement to sell, not transferring the title, but importing an obligation to make such transfer on compliance with the conditions stipulated."

It does not follow, however, that the registry of a promise to sell does not affect third persons with notice of the right of the parties. In the case at bar the defendants were bound to take notice that the plaintiff had the legal right to enforce a specific performance of the promise of J. A. Haas to transfer the property. The contrary doctrine would render all options or promises to sell real estate nugatory as to third persons. Defendants purchased subject to the prior recorded right of the plaintiff to have the property conveyed to himself on his complying with the condi-

-tions of the agreement. The promise to sell having been performed, the legal title passed to the plaintiff as of date of the original agreement. Civ. Code, art. 2041. Crochet v. McCamant, 116 La. 10, 40 South. 474. In the recent case of Girault v. Feucht, 117 La. 276, 41 South. 572, the jurisprudence on the subject of promises of sale was reviewed, and it was held that such a promise amounts to a sale, in the sense that the contract gives the purchaser the right to demand a specific performance of the obligation to transfer and deliver. In the same case it was held that the obligation of the vendee was not to do, but to deliver, and that the remedy of the purchaser was to compel a specific performance of the contract.

In Barfield v. Saunders, 116 La. 136, 40 South. 593, this court held that a promise of sale which had not only been accepted, but partially executed, conferred a real right, which could not be defeated by a subsequent sale by the vendee to a third party with notice. In the instant case the registry of the promise of sale operated as notice to the defendant.

In a belated supplemental brief counsel for defendant contend that plaintiff had notice of their inchoate title. This we do not think is shown by the preponderance of the evidence.

Judgment affirmed.