(49 South. 22.)

No. 17,082.

### LEGIER v. BRAUGHN.

(Feb. 15, 1909. Rehearings Denied April 12, 1909.)

1. WORDS AND PHRASES—"EARNEST."

Earnest, in the civil law, is a sum of money which one of the contracting parties delivers to the other at the time of the contract, and is presumed to be a forfeit, in the absence of evidence that the parties then and there intended to bind themselves by an irrevocable contract.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 3, p. 2302.]

2. CONTRACTS (§ 274*)—GIVING OF EARNEST—RECISSION OF CONTRACT—SALES.

Where earnest is given, either party may recede, the giver by forfeiting the earnest, and the receiver by returning the double. Rev. Civ. Code, art. 2463.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 274.*]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred. Durieve King, Judge.

Action by John Legier, Jr., against Widow George H. Braughn. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Dinkelspiel, Hart & Davey, for appellant. Walter Louis Gleason and Emile Pomes, for appellee.

LAND, J. This is a suit for $10,000 damages for the breach of a promise or agreement to sell certain real estate in the city of New Orleans.

The defendant admits the contract as alleged, but avers that she was not the—

"entire owner of the property at the time, which fact was well known to the plaintiff, or which he was bound to know under the law, because the titles of the other owners were properly recorded."

Defendant further avers that she has always been ready and willing to transfer to the plaintiff so much of the property described as she owns, but the plaintiff refused to accept such transfer.

There was judgment in favor of the plaintiff for $5,000, with legal interest from March 27, 1905, until paid, and costs of suit, and ordering the agents of the defendant to return to the plaintiff the sum of $2,500 deposited with them on account of the purchase. Defendant has appealed.

On March 25, 1905, defendant authorized her brokers to sell the property for not less than $25,000. The plaintiff accepted this offer on March 27, 1905. On March 29, 1905, the said brokers issued to plaintiff the following receipt, to wit:

"Received from John Legier, Jr., the sum of twenty five hundred dollars, on account of the purchase of the property 717 Common street sold to him this day for the price and sum of twenty-five thousand dollars, as per procès verbal before Walter L. Gleason, notary public, to whom this receipt must be surrendered as part of the purchase price.
"[Signed]          Danziger & Tessier."

On April 2, 1905, defendant's attorneys wrote to plaintiff's attorney that, as defendant had not been able to get the signatures of all her children, she could not complete the sale, but that the transaction was off. This suit followed in June, 1905.

The trial judge found that the defendant at the time she agreed to sell the property well knew the defects in the title, and that the plaintiff did not. We concur in this finding.

That the defendant sold property which she did not own is no defense in an action for damages brought by the purchaser in good faith under the provisions of article 2452 of the Revised Civil Code. See the recent case of Jefferson Sawmill Co. v. Iowa & Louisiana Land Company, 122 La. 983, 48 South. 428.

The trial judge was of opinion that the damages should be assessed at double the amount of the earnest money fixed by the parties at $2,500, and accordingly decreed that the plaintiff recover $5,000 damages, and further decreed that the deposit of $2,500 be restored to the plaintiff. Article 2463 of the Revised Civil Code reads: "But if the promise to sell has been made with the giving of earnest, each of the contracting parties is at liberty to recede from the promise, to wit: He who has given the earnest by forfeiting it, and he who has received it by returning the double." If this article fixes the measure of damages for the breach of a promise of sale, then the quantum cannot exceed the double of the earnest. The judgment below decrees that the defendant shall pay double the amount of the earnest, and also that her agents shall return the amount deposited as earnest money. Conceding the premises, the judgment should have been restricted to the double of the earnest, or $5,000 inclusive of the deposit.

The evidence as to damages consists of a written offer, of date May 31, 1905, made by Fred Scherer to plaintiff, to purchase the property for $30,000, and the testimony of one real estate agent that the property on April 22, 1905, was worth "about $25,000 to $30,000"; and the testimony of another real estate agent that the property was worth "from $30,000 to $35,000."

Defendant's evidence shows that she had no title to three-fourths of one-sixteenth of the property, and that her interest therein was subject to legal mortgages aggregating a large amount.

Defendant contends, first, that the exception of no cause of action, which was referred to the merits, should have been sustained, as plaintiff's only right of action was to recover the double of the earnest money; citing article 2463 of the Revised Civil Code, and Capo v. Bugdahl, 117 La. 994, 42 South. 478. This argument necessarily admits the right of the plaintiff, on the face of his petition, to recover $5,000 from the defendant, under article 2463 of the Revised Civil Code, one half of the amount as liquidated damages, and the other half as earnest money received by the defendant. Plaintiff on the allegations of his petition is entitled to recover either the double of the earnest money or damages. If he has a right of action on any branch of the case, the exception of no cause of action is bad. Bank v. Bank, 50 La. Ann. 528, 24 South. 14. A prayer for general relief au-

thorizes all ordinary decrees which the pleadings and evidence may justify. Leland v. Rose, 11 La. Ann. 69. Other objections are made to the petition, such as that the alleged profits are too remote and uncertain to justify a recovery, and that the public records gave notice of the defect in the title and the incumbrances on the property. The first objection need not be considered.

The second objection is without merit. There can be no purchaser in good faith, if he be chargeable with the actual knowledge of all the defects in the title of his vendor discoverable by an expert examination of the records.

The agreement between the plaintiff and the defendant was, on one side, a promise to sell, and, on the other, a promise to buy. The actual sale was to take place later, after an examination of the titles and the production of the certificates required by law. The deposit was made without any special understanding between the contracting parties. The object of the deposit was to bind the bargain. No price was due until a satisfactory title was tendered. Earnest is a sum of money which one of the contracting parties delivers to the other at the time of the contract, and is presumed to be a forfeit, in the absence of evidence that the parties intended to bind themselves then and there by an irrevocable contract. Mourlon, Examen Du Code Napoleon, vol. 3, No. 489, pp. 205, 206. This doctrine was adopted by this court in Capo v. Bugdahl, 117 La. 992, 42 South. 478, and in Smith v. Hussey, 119 La. 32, 43 South. 902.

In Provenzano v. Glaesser, 122 La. 378, 47 South. 689, the plaintiff offered to purchase the property for $5,500 cash, and upon the acceptance of the offer promised to pay "10 per cent." of said amount "on account of the purchase price." The plaintiff in the same offer bound herself to sign the act of sale to be passed, and to pay the purchase price if a good and valid title free from incumbrances could be made. This offer was accepted by the defendant, and thereupon the plaintiff paid the sum of $550 to defendant's agent, and subsequently tendered the balance of the purchase price. The court said:

"There is no necessity of discussing the question of earnest money at any length, for it is made very evident by the wording of the contract that it was not intended as earnest money, but solely and exclusively in part payment of the price."

There is no conflict between this decision and the cases cited supra.

In the case at bar there was nothing but an offer to sell and an acceptance of the offer. Later the prospective purchaser deposited $2,500 in the hands of the broker of the defendant, for which a receipt was issued, reciting that the sum was "on account of the purchase of the property." A similar receipt was issued in Smith v. Hussey, 119 La. 32, 43 South. 902. Our conclusion is that the money thus paid must be considered as a forfeit put up by the prospective purchaser.

It is therefore ordered that the judgment appealed from be reduced to $5,000, including the amount deposited as earnest money, and that as thus amended the judgment be affirmed; costs of appeal to be paid by the plaintiff and appellee.