BREAUX, C. J.
Plaintiff brought this suit to recover the sum of $2,500, purchase price of a tract of land, and to compel the defendant to accept title to the land, for which he claims the price of the sale. The district court rendered judgment for plaintiff, decreeing that defendant pay the price and accept title to the property in question.
There was a written contract entered into between plaintiff as vendor and the defendant as purchaser. The consideration was expressed as follows in the deed:
“For and in consideration of the sum of twenty-five hundred dollars; ten dollars of which is paid cash by said S. J. McKenzie; the balance to be paid on the second day of January, 1909.”
The tract of land is fully described. The initial point of the boundary line is given, then the direction due west to Black river, then south along the river until it intersects the Parham place, and east to a ridge, and north along the ridge to where it intersects the line of starting in township 6 N., range 6 E.
Some attention has been given to these boundary lines because defendant alleges that there is some uncertainty about the area and its boundaries.
This property was purchased by plaintiff on the 4th day of September, 1900. It was *1066 regularly patented, and, beginning with the patentee, by mesne conveyance, thereafter it became the property of the vendor.
The plaintiff by the terms of the promise of sale promised a good and sufficient title and a delivery of the land on January 2, 1909; also to furnish an abstract of title.
Defendant admits that abstract of title was furnished.
Defendant declined to accept title, and to plaintiff’s petition filed an exception of no cause of action which was overruled.
In his answer and amended answer defendant alleged unwillingness to accept title because the contract was not binding.
The main point of difference between the two, the plaintiff and the defendant, is that, as defendant contends, the contract was a promise of sale; on the other hand, as plaintiff contends, it was substantially a sale.
Upon his theory, defendant’s position is that, the contract being a sale, he is at liberty to rescind it by forfeiting the $10 mentioned in the agreement.
The defendant in his pleadings specially asked that the agreement of March 1, 1908, whereby the parties agreed one to sell and the other to buy in the future, be declared a promise of sale with earnest money; but that, if the court should hold that the agreement is a sale, he prays that the title tendered to him by the plaintiff be declared illegal for indefiniteness in the description of the boundary.
As it is the most important point of the case, we take up for decision defendant’s ground that the amount paid by him was earnest money.
The word “earnest money” is of ancient origin, It is well known as being of civil law origin. It has given rise to many controversies in jurisdictions in which the civil law prevails.
In the last decision upon the subject in this court (122 La. 378, 47 South. 688, Provenzano Case), this court held that an amount deposited will not be considered earnest money, unless it appears from the testimony that it was the intention that the money should be taken as earnest money.
The contract construed in that ease was very similar to the contract before the court in the present ease. In the Provenzano Case (as in the present case) the opinion held that there was no earnest money, and treated the agreement as a promise of sale without earnest and directed specific performance.
There were several points decided in that case, and the dissents were not on the ground that there was earnest money paid.
A promise of sale was considered in another case in which the court expressed the opinion expressed in the Code, that the promise of sale, when all the required formalities have been complied with, is equivalent to a sale. Article 2462; Lehman v. Rice et al., 118 La. 975, 43 South. 639.
That it conferred a real right.
From that point of view it follows, to divest a vendor of his real right to deliver the property and recover the price, it must clearly appear that it was the intention of the parties to allow either of them to withdraw from the agreement.
There is no necessity in the case before us to go to the extent of holding that there was a real right as decided in the cited opinion, although there was a real right to have the promise of sale considered as a sale for the purpose of completing the sale in accordance with the agreement containing the promise of sale.
Learned counsel for defendant cite several decisions. The first cited is Broadwell v. Raines, 34 La. Ann. 677.
The court in that case found that there was no sale; that the proven intent of the parties negatived all ideas of the question of sale; that the question was one of inten *1068 tion to be ascertained by considering the facts.
In another of the cases cited by defendant, this court held, if one fails to fulfill his promise of sale, it releases the other party to the agreement. Bennett v. Fuller, 29 La. Ann. 663.
There is no question here of failure to fulfill the agreement; the only question being whether the money paid was earnest money.'
In our case the plaintiff complied with the agreement and demands specific performance (in no respect whatever the question involved in the cited case).
Defendant’s counsel confidently cites Collins v. Desmaret, 45 La. Ann. 108, 12 South. 121, in which the court held that a promise of sale cannot be treated as a sale; that it only produces the relation of promisor and promisee. In that case the court said that the facts showed that the 10 per cent, was not intended as part of the purchase price, but as earnest money; that there was nothing in the nature of a sale in the agreement, only a promise of an earnest deposited to bind the sale.
We take the facts as stated in the opinion, and accept the statement that there was a deposit of earnest money.
In the case here there is no such deposit. It was a payment on account of the price, as made evident by the following excerpted from the agreement:
“Price, twenty-five hundred dollars; ten dollars of which is paid cash by said McKenzie; the balance to be paid (twenty-four-hundred-ninety dollars) on the second day of January, 1909.”
There was not a word said about earnest money when the agreement was signed.
Earnest money handed over an agreement of sale differs materially from the amount paid on the price without the least intimation of the intention to pay it as earnest money.
In Smith v. Hussey, 119 La. 38, 43 South. 902, another of the decisions cited by defendant’s counsel, this court decided that the amount deposited was earnest money, and applied the law as required when earnest money has been deposited to bind the sale.
The issues have no direct bearing in a case in which it is decided that the amount paid was not earnest money.
In the Capo Case, 117 La. 992, 42 South. 478, also referred to, the court said that the agreement must be interpreted according to the intention of the parties, as made evident by the facts.
This is precisely what we have done in this case.
There is no evidence that there was a stipulation regarding earnest money.
Learned counsel for defendant, in a supplemental brief, has favored us with a number of interesting definitions of the phrase “earnest money.”
They are correct, and may be of application in a case in which it is found that there is earnest money.
The decisions of the French courts upon the subject and the views of the French commentators are not without interest.
Referring to Laurent (volume 24, pp. 37, 38), we find that he goes further than any of the other commentators whom we have had occasion to consult in regard to the scope and extent of earnest money.
He says that there is a presumption that earnest money is given to serve as a forfeit when it is stipulated in a promise of sale. But he at the same time expresses the view that, after all, it is a question of intention, and that that intention must be determined by the court after having heard the evi, dence.
Leaving Laurent, the following from .Baudry La Cantineri is particularly applicable:
*1070 The author says that it must be understood by the word “arrhes”, earnest money, that the amount given by the purchaser to the vendor is on account of the price, and that the question whether or not there are arrhes is to be solved in case of difficulty by the judge. In other words, it is a matter of proof of the intention of parties. Volume 3 (3d Ed.) p. 287.
See, also, Dalloz, to the same effect. Nouveau Code Civile, vol. 4, p. 32, No. 8.
The statute (No. 249 of 1910), applies to contracts of subsequent date (in this case the contract was of date prior).
Now, as relates to the sufficiency of the title, another issue presented by the defendant, we can only state that the title is sufficient. There is no uncertainty about the boundary line. Plaintiff owns the remainder of the tract entered originally by the ancestors in title. He must be familiar with these boundaries.
Defendant failed to inform us in what respect there is error in the description or in the lines.
In argument learned counsel said something about a list of movables which had been overlooked in some way. This was not pleaded. None the less, plaintiff must deliver that which he sold, and doubtless will.
There was also an objection raised to the difference in description between the description in the agreement and the description in prior title.
Here, again, we can only say that the property is sufficiently described in the agreement for complete identification. Nor does it materially differ as to description from the property described in the different titles forming the chain of title.
As to the damages claimed by plaintiff, they are not sufficiently proven to justify a judgment, even if we were to consider that the question can be decided in the present case.
For reasons assigned, the judgment is affirmed at appellant’s costs.
PROVOSTY, J., dissents.