His Honor, JOHN ST. PAUL,
rendered the opinion and decree of the Court, as follows:
Appellant (defendant below) says in his brief:
‘ ‘ The plaintiff sues the defendant for $460, return of a deposit made as earnest money to bind a verbal agreement of sale of certain realty.” (P. 1.)
And again:
“ Under the law the promise of sale must be in writing, as well as the sale itself. Therefore the sale is not susceptible of enforeement. ” (P. 2.)
He quotes from Legier vs. Braughn, 123 La., 463, as follows:
“Earnest, in the civil law, is a sum of money which one of the contracting parties delivers to the other at *143 the time of the contract, and is presumed to be a forfeit, in the .absence of evidence that the parties then and there intended to bind themselves by an irrevocable contract.”
This is a correct and sufficient statement .of the facts and law of this case, and needs simply to be followed to its logical conclusion.
The 'Century Dictionary-thus defines a forfeit, to-wit:
‘ ‘ That to which the legal or moral right is lost by one’s own ¡act or failure to act as by breach of condition or by a wrong deed or offense; hence, that which is taken or paid in forfeiture; a fine, a, mulct, a penalty.”
Hence a contract with a forfeit ‘ ‘ to bind it, ’ ’ is simply a contract with a penal clause; since “a penal clause is a secondary obligation entered into for the purpose of enforcing a primary obligation,” that is, “to give or do something, if the principal agreement be not carried out.” C. 0., 2117, 2118.
But, as a matter of course, “the nullity of the primary obligation involves■ that of the penal clause.” C. C., 2183.
From, which it follows, that the promise of sale herein under consideration,' béing confessedly not binding, and therefore null, (9 Cyc., 240) the penal clause or forfeiture annexed thereto is likewise unenforceable. •
Accordingly, the'forfeit money thus given remains the property of the one who gave it, who may therefore reclaim it. •
The judgment appealed from is correct.
*144 Opinion and decree, January 3rd, 1916.
Rehearing refused, January 17th, 1916.
Writ denied, February 23, 1916.
Judgment .affirmed.