On the Merits.
Plaintiff offered in writing to buy certain realty from defendant, subject tó examination of title, and to deposit with a broker 10 per cent of the amount of the offer if accepted. This offer defendant accepted in writing, and-the deposit was made.
Seven days afterwards (on a Friday) defendant wrote to the broker that unless he “heard from, him” .as tire representative of ’his principal before 10 A. M., on the third day thereafter (a Monday) his, defendant’s, “offer to sell” would be “withdrawn.”
The broker at once protested orally and in writing, that defendant’s acceptance of the offer to purchase the property, concluded a contract to sell the same which could not be withdrawn.
But notwithstanding this protest defendant promptly on the Monday wrote the broker that his “offer to sell” had been witdrawn at 10 A. M., that day and requested the return of his titles.
The next day plaintiff’s attorney notified defendant that the act of sale was about to be prepared. But the defendant persisted in his refusal to proceed further in the matter.
*131 The stand taken by defendant as to an “offer to sell” which he was at. liberty to withdraw when it pleased him being manifestly untenable, the only quéstion that arises in that .connection is whether or not the time allowed by defendant for examining the title to the property and passing the act of sale was reasonable.
We think it was not. As Oct. 17, 1913, the day of the agreement, was Friday, and October 27th, the day set by defendant, was a Monday, two Saturday half holidays and two Sundays intervened, leaving only Monday to Friday of the intervening week, or five days-, for the purpose, which we know to be wholly insufficient. ’
Larkin vs. Denis & Danziger, 1st Court of App., 34, 38.
It is contended that there was no need to' examine tile title as defendant had purchased from one who in turn had bought from plaintiff’s wife.
But (pretermitting the fact that plaintiff had stipulated for the right to examine the title) plaintiff and his wife, as regards their separate interests, are “third persons” to each, other (Bank vs. Maples, 119 La., 47) ana besides it is in evidence that the titles were not examined when she purchased. There were also an intervening' act to he examined, certificates to be obtained and an act of sale to be prepared.
But this is after .all simply an afterthought. Defendant at the start conceived that he had the right to withdraw at his pleasure, and attempted to exercise that right; and in that view he persisted throughout. In its general features this case can scarcely be distinguished from the Larkin case above cited.
That the deposit put up by plaintiff was “earnest money” and that this is a case within the letter of Article C. C., 2463, we have not the least doubt.
*132 The latest expression of the Supreme 'Court directly in point given in a case where the deposit "was actually for account of property “sold this day,” is as follows:
“Earnest in the Civil Law, is a sum of money which one of the contracting’ parties delivers ho the other at the time of the contract, and is presumed to be a forfeit in the absence of evidence that the parties then and there intended to bind themselves by an irrevocable contract.”
Legier vs. Braughn, 123 La., 463.
And it is clear from what immediately precedes that expression (p. 467) that the term “irrevocable contract” was used in the sense of completed sale, i. e., the final deed by which the ownership of the property was at once irrevocably vested in the purchaser.
We find nothing in Nosacka vs. McKenzie, 127 La., 1063, which overrules Legier vs. Braughn. There .tlie Supreme Court found that the “deed” which it then had under consideration ‘‘was substantially a sale” and gave judgment for the unpaid balance of the price.
But it is worthy of note that the Nosacka case entirely ignores or overlooks the Legier-Braugihn case. At any rate, if these two cases be in conflict, we prefer to follow the Legier case, which in our opinion correctly states the law, to-wit, that any preliminary agreement for the sale of real estate, i. e., any agreement which does not purport to transfer the property at once and irrevocably without further formality, is a promise of sale, and a deposit made at that time a mere forfeit, i. e., •earnest money within the meaning of C. C., 2463.
But the plaintiff: is not entitled to the return of his deposit plus twice the amount thereof, as claimed. Hav *133 ing received the amount of his deposit from the broker, defendant owes 'him a like sum, but no more.
Opinion and decree, January 31st, 1916.
123 La., 463.
It is therefore ordered that the judgment appealed from be reversed and it is now ordered that there be judgment in favor of the plaintiff, Louis J. Genella, and against the defendant, Robert C. McClure, for the full sum of ($500) five hundred dollars, with legal interest from judicial demand and the costs of both Courts.
Judgment reversed.-