MRS. G. K. HUCK

 VS.

MRS. R. V. LEMIEUX & AL.

No. 7704.

March 8th, 1920.

CHARLES F. CLAIBORNE, JUDGE.

This is a suit to recover $700 deposited by a purchaser as earnest money.

The petitioner, Mrs. Huck, alleges that, through R. Mc. Williams, a real estate agent, she sold to the defendant, Mrs. Rosalie Lemieux, wife of F. A. Lemieux, by contract dated October 8th, 1917, for the price of $7000.00 the property No. 24 Morgan Boulevard; that the said Mrs. Lemieux deposited with Mc Williams $700.00;

" III that after entering into this contract and making the deposit, as set forth, the said Mrs. Rosalie Lemieux refused to carry out the terms of said contract and take title to the said property and pay over the purchase price agreed upon, whereupon a clear and unencumbered title was tendered to her by plaintiff herein and she was called upon to accept same on a day and hour fixed; whereupon the said Mrs. Lemieux, through her attorney, L.A.Morphy, by letter dated October 26th, 1917, waived any formal tender of title and wrote that plaintiff was at liberty to bring suit whenever she desired";

that therefore the said Mrs. Lemieux has forfeited the said deposit of $700; and the plaintiff prayed for judgment for said amount against Mrs. Lemieux and R. Mc Williams.

The contract sued upon is in the following words:

"New Orleans, Oct. 8 , 1917.

To R. Mc Williams

Real Estate Agent, City.

Dear Sir:-

I hereby offer, through you, to purchase the following property, to-wit: (Description) for the sum of Seven Thousand Dollars ($7000) on terms of cash. I will pay

307

the taxes due and exigible in 1917 over and above the price of my offer. I will pay agent's commission. x x x If this offer is accepted I will deposit in your hands ten per cent of the amount of above offer; - act of sale at my expense and before _____Notary Public, which I bind myself to sign and pay to vendor purchase price; provided the title is found on examination to be good, other wise the sale is off, and the deposit made by me shall be returned. In case I fail to comply with above offer, if accepted, I agree to pay all the loss and damage the said R. Mc Williams may sustain by my failure to comply with my part of this agreement and also attorney's fees which the said R. Mc Williams may incur in suit to recover said loss and damages.

"Signed" Rosalie Lemieux"

)( I hereby accept the offer and terms made. At this point the following words are erased: "and will pay R. Mc Williams a commission of ____per cent for making sale".

"Signed" Mrs. Georgiana Krail Huck".

The receipt is in the following words:

/( New Orleans, La., Oct. 8th, 1917

Received from Mrs. R. O. Lemieux Seven Hundred Dollars being a deposit of ten per cent of the purchase price of the property No. 24 Morgan Boulevard sold to her this day at private sale for the sum and price of $7000 Seven Thousand Dollars in accordance with terms of written offer and acceptance.

"Signed" R. Mc Williams,<br/>Agent.

The letter is as follows:

" October 26th, 1917

Oliver S. Livaudais,

Dear Sir:

I have your letter of October 25th. with reference to the Lemieux matter. There is nothing to be accomplished, I assume, by any discussion of the matter in view of the apparent positions taken by the parties in interest; I do not think the statute you refer to has the application you suggest. Also, the seven hundred dollars actually paid was not Mrs. Lemieux's money, but her husband's, represented by

308

a check of Lemieux Brothers & Company, Mr. Lemieux's firm, drawn to the order of R. Mc Williams, and charged to the personal account of Frederick A. Lemieux, Mrs. Rosalie V. Lemieux' husband. If you wish to return Mr. Lemieux' money, and sue Mrs. Lemieux on her presumed personal contract, nothing can, of course, prevent your doing that, for whatever success you may think is in store for you. You may consider that your formal tender of title is waived, and that you are at liberty to bring suit whenever you desire. I remain, very truly yours

"Signed" L. A. Morphy"

The defendant, Rosalie V. Lemieux, wife of Frederick A Lemieux and the said Frederick A. Lemieux excepted to the petition on the ground that it was defective in not making the said Frederick A. Lemieux a party to the suit, and that it disclosed no cause of action against Rosalie V. Lemieux.

These exceptions were overruled. Act 94 of 1916 p 212; Act 244 of 1918 p 435.

Mrs. Lemieux on March 19th, 1918, then answered. She admitted that she signed the contract above mentioned; she admitted the deposit of $700, but alleged that said sum did not belong to her but to her husband; she admitted the allegations of Article III copied above; she further alleged

"that she caused the aforesaid sum of $700 to be taken from her husband's funds and paid over to R. Mc Williams, agent,without authority to do so, but thinking her action would meet with her husband's approval; that she subsequently found her action did not meet with her husband's approval; and she prayed that plaintiff's suit be dismissed and that she have judgment ordering the return of the $700 to her."

The defendant, Rozell Mc Williams, admitted all the allegations of the petition; further answering he alleged that he had complied with all his obligations as a broker in the transaction and that he was entitled to a commission of three per cent on the price of sale, say $210, and to $50 attorney's fees, in accordance with the contract; and he prayed

"that the demand of plaintiff be rejected, but in case of recovery by her, then, in that event, that his rights against her, under said agreement of sale, be recognized, and that he be permitted to retain in his hands out of said fund the amount of damages due him by her, to-wit, the sum of $210 and $50 additional as attorney's fees, and that his reconventional demand be recognized against her in said amount".

309

Frederick A. Lemieux intervened, alleging that the $700 deposited by his wife were his property and had been paid over to Mc Williams without any authority, and he prayed for judgment for $700 against plaintiff and Mc Williams.

Lemieux Brothers & Co. also intervened alleging that they had paid the $700 to Mc Williams without the authority of Lemieux and prayed for judgment in their favor.

On February 7th, 1919, the defendant, Mrs. Lemieux, filed a supplemental answer in which she alleged that she had now learned that on October 8th, 1917 the plaintiff was not the sole owner of the property she offered to sell but that she owned only one half of it, and that the other half was owned by four other parties, who sold it on December 3rd, 1917.

On the trial of the case, the plaintiff moved to strike out the supplemental answer on the ground that it changed the issue and contradicted the admission contained in Mrs. Lemieux answer. Inasmuch as the allegations of the supplemental answer, will have no influence on our judgment, we shall not consider the motion.

In the further progress of the trial the following admission was made:

"It is admitted that if Mrs. Huok, the plaintiff, were present and placed on the stand as a witness, she would testify that on October 26th, 1917, when Mrs. Lemieux, the defendant, waived formal tender of title, she was ready to tender title of the property covered by the agreement, and that the tender would have been of property owned in indivision by herself and her children, all of whom are majors, in which tender of title her said children would have joined; it being understood that Mrs. Huok was representing herself and her children in the sale of the property and had acted for herself and her children in the sale of the property. And it is also agreed that Mrs. Huok did not hold any written power of attorney from her children. This admission is made subject to the objection of counsel for defendant, Mrs. Lemieux, that such transaction concerned conveyance of real estate, and, being purely by parol, is inadmissible. The Court. Which objection is maintained by the Court. Counsel for defendant and for the intervenors states that all the defenses presented in this suit are waived, except that presented by the supplemental answer. On behalf of R. Mc Williams, it is admitted that there was an understanding had between Mrs. Lemieux and Mc Williams that his commission in the sale should be One Hundred Dollars ($100.00); and the question of

the attorney's fees in connection with Mr. Mc Williams' claim is re-
ferred to the Court".

There was judgment rejecting plaintiff's demand, and judgment in favor of defendant, Mrs. Lemieux, against Mc Williams for $600, costs of suit against plaintiff and Mc Williams, in solido, and rejecting the interventions of F. A. Lemieux and Lemieux Bros.

From this judgment the plaintiff and Mc Williams alone have appealed.

The fundamental error of the defendant, Mrs. Lemieux, is in assuming that because the plaintiff was not the exclusive owner of the property she could not bind herself to sell it, and therefore the defendant was released of her obliga- tion. In support of her position she quotes Article Civil Code 2452 (2427) which reads as follows:

"The sale of a thing belonging to another person is null; it may give rise to damages, when the buyer knew not that the thing belonged to another person". A literal translation of C. N., 1599.

But this nullity is only relative and in the interest only of the purchaser and of the real owner or his creditor. 12 M., 653; 7 N. S., 96; 12 R., 625; *154* 31 A., 415; 122 La., 983 )990); 123 La., 465; 117 La., 794, 807. *870 - 15 & 628* *7 n. 3. 244 - 246 -*

In Jefferson Saw-Mill, 122 La., 991 the Court quoted from 24th Laurent No. 115 who said:

"In our opinion the nullity is relative. It is established in the interest of the purchaser and against the vendor who sells a thing, the ownership of which it is impossible for him to transfer to the purchaser". Also 111, 118, See Also 15 Baudry-Lac Vo. Vente 94.

It follows that the nullity of the sale ceases the moment the vendor comes into a position to transfer the title and the possession to the purchaser.

The same Laurent 120 says that it is the almost unanimous opinion of commen- tators that the nullity of the sale is overcome by the confirmation of the owners, and that the jurisprudence is in the same sense. 4 Dalloz Codes Ann. on Art. 1599 p. 89 No. 109 and authors and decisions there quoted. See besides, 43 Dalloz Rep Gen. 520, 525 p 158 ; 1 Trolong 237; 8 Merlin Questions Vo. Hyp. IV Bis No. 6 p 141; 5 Boileux 632; 16 Duranton 179; 24 Laurent 118, 120; 18 A., 231. *119 La 56 - 31 a 16 & - 139 La 375 - 12 m 653 - 229.*

We have already seen the admission made that the coproprietors of the plain- tiff would have joined in the tender of title to defendant had she not waived it.

In the case of Bonura No. 7530 of this Court, we decided that a party who agrees to purchase property cannot refuse to comply because there are mortgages recorded

against it, when the vendor declares his ability and willingness to cancel them at the moment of passing the act of sale.

The learned Judge of the District Court was in error in refusing to receive in evidence the admission of the parties that plaintiff's coproprietors would join intthe tender of title to the defendant. It must be noticed that the plaintiff accepted the offer to purchase individually and not as agent of her coproprietors. She bound herself personally and not as agentm of her coproprietors. In the case of Haveny vs Hoyle, 14 Ct. App. 152 we decided that a party who makes a contract with another is bound personally. *11 La 80* The admission was not intended therefore to prove plaintiff's authority to sell in the name of and as the agent of the other owners, which, of course, could have been done only in writing. But it was to prove their willingness and readiness *of the coproprietors* to sign the act of sale to the defendant and their consent to carry out their mother's contract. This we *that fact* think could have been done by parol, just as it would have been admissible to show by parol that plaintiff herself was present and ready to sign an act of sale,. 13 A., 217. *129 La 472- 21 a 469 - 547-548 - 5 a 66-*

We do not thinkmthat Mc Williams is entitled to any commission from the plaintiff. The insertion in the contract of the obligation of Mrs. Lemieux to "pay agent's commission", and the erasure of the words "and will pay RL Mc Williams a commission of ___ per cent for making sale" above the signature of Mrs. Huck indicate very clearly that the commission, if any, was to be paid by Mrs. Lemieux and not by Mrs. Huck. *Besides,* Mc Williams has asked for no judgment against Mrs. Lemieux; on the contrary he has argued that one defendant cannot recover a judgment against a co-defendant.

It is therefore ordered that the judgment herein be reversed and set aside; and it is now ordered that there be judgment in favor of plaintiff Mrs. Georgiana Krail Huck and against the defendants, Mrs. Rosalie V. Lemieux wife of F. A. Lemieux and Roxell Mc Williams, in solido, recognizing said plaintiff to be the owner of, and as such entitled to, the sum of Seven Thousand Hundred ($700.00) Dollars held in deposit by said Roxell Mc Williams, and that he be ordered to pay over said sum to the plaintiff herein.

It is further ordered that Mrs. Rosalie V. Lemieux and Roxell Mc Williams be condemned in solido to pay all the costs herein.

Judgment reversed.

March 8th, 1920.

312

---------------------

ON APPLICATION FOR REHEARING.

**PER CURIAM:**

In our original opinion and decree we did not consider the possible claims of the defendant, Mc Williams, against his co-defendant, Mrs. Lemieux, as none were set up, and we did not pass upon them; therefore we saw no necessity of reserving his rights, if any, against her; but at the request of Mc Williams we do now specially reserve to him any rights he may have against Mrs. Lemieux under the contract of sale mentioned in our opinion.

Mc Williams is not entitled to be considered as a stakeholder and as such relieved of the payment of costs, 50 A 1027. He did not admit owing the amount eitherto the plaintiff, Mrs. Huck, or to the defendant Mrs Lemieux, neither did he deposit the amount in court to await the judgment of the court as to the rightful claimant. But on the contrary in his answer, he specially prayed that plaintiff's demand be rejected and "that he be permitted to retain in his hands out of said fund the amount of damages due to him by her (plaintiff) to witt; the sum of $210 and $50 additional as attorney's fees, and that his reconventional demand be recognized against her in said amount."

We see no reason to change our opinion as far as Mrs. Lemieux is concerned.

Both applications for rehearing refused.
New Orleans La, April 5th, 1920

A true copy.