(92 South. 388)

No. 25306.

## TERREBONNE v. CHERAMIE.

(May 29, 1922.)

*(Syllabus by Editorial Staff.)*

Vendor and purchaser ⚖=3(4), 18(4)—Sales; receipt held mere promise to sell and receipt for earnest money from which promisor could recede.

An instrument, acknowledging the receipt of $100 on account on house and land sold for $500, was not such a contract as amounts to a sale, but only a promise to sell and receipt for earnest money, from which the promisor could recede on payment of twice the amount of the earnest money under Civ. Code, arts. 2462, 2463.

Suit by Dominic Terrebonne against Herve Cheramie. From a judgment for defendant, plaintiff appealed to the Court of Appeal, which applied to the Supreme Court for instructions. Questions answered, and case remanded.

Caillouet & Caillouet, of Thibodaux, and Allen J. Allender, for plaintiff.

Montet & Morvant, of Thibodaux, for defendant.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

O'NIELL, J. The Court of Appeal for the First Circuit has applied for instructions, as to the force and effect of the following receipt, issued by defendant to plaintiff, when the latter paid the former $100, viz.:

Cut Off P. O., La., 11/3, 1919. Received the sum of $100.00, one hundred dollars, paid on account on house and land and everything thereto attached, sold for the sum of $500.00. Delivery Mar. 1, 1920. To Dominic Terrebonne. [Signed] Herve Cheramie. Witnesses: [Signed] Louis Gaidrai. Herbert Terrebonne.

Plaintiff, Dominic Terrebonne, tendered $400 to defendant, Herve Cheramie, on the 1st of March, 1920, and demanded a deed for

the property referred to in the receipt. Defendant declined to receive the $400 or to give a deed for the property, saying he had decided not to sell it. Thereupon plaintiff sued to compel defendant to make him a deed for the property, whereupon, in answer to the suit, defendant offered to pay plaintiff $200, averring that the $100 was received as earnest money, and that he had the right, under article 2463 of the Civil Code, to recede from his promise by paying twice the amount he had received. Defendant did not attempt to avail himself of the fact that the property referred to was not described in the receipt. If the defense had been made, the question of admissibility of testimony to describe the land referred to in the receipt would perhaps have been a serious question. The district court, over plaintiff's objection, admitted verbal testimony to prove that the $100 was paid as earnest money; but the judge finally concluded that the written instrument was, on its face, merely a promise of sale and a receipt for earnest money, and that the testimony on the subject was therefore not necessary or important.

The question propounded by the court of appeal is whether the document is, on its face, merely a promise to sell and a receipt for earnest money, from which promise the promisor had the right to recede by paying the promisee twice the amount of the earnest money; or, is the obligation of the promisor such that the promisee can compel specific performance? In the alternative, that is, if the document be not, on its face, a promise to sell and a receipt for earnest money, the Court of Appeal asks whether verbal testimony was admissible to prove that the $100 was paid as earnest money.

Our answer to the main question is that the document, on its face, represented nothing more than a promise to sell and a receipt for $100 as earnest money. It is true article 2462 of the Civil Code declares that

a promise to sell amounts to a sale when there exists a reciprocal consent of the parties as to the property and the price. But the next following article declares:

"But if the promise to sell has been made with the giving of earnest, each of the contracting parties is, at liberty to recede from the promise; to wit: He who has given the earnest, by forfeiting it; and he who has received it, by returning the double."

The instrument in question did not represent such a contract as "amounts to a sale." .Its registry as such would not have had any effect. The purport and effect of the instrument must be tested with regard to the rights and obligations of the promisee, as well as with regard to the rights and obligations of the promisor. The instrument did not obligate the promisee to buy the property or to pay the balance of the purchase price. All that he stood to lose was the $100 that he had paid. The fact that the $100 was said to have been "paid on account" is not a denial that it was in fact earnest money; because, if the promise had been carried out, the $100 would have been credited on the purchase price. That is generally if not always the case when earnest money has been paid.

Aside from the fact that there is no description of property in the receipt, the principal feature that distinguishes this case from the four recent decisions cited by plaintiff's counsel is that, in each of the cases cited, there was a reciprocal obligation, one of the parties being as well obligated to buy as the other was to sell the property. We refer to Girault v. Feucht, 117 La. 276, 41 South. 572; Lehman v. Rice, 118 La. 975, 43 South. 639; Pearce v. Haas, 122 La. 376, 47 South. 687; Nosacka v. McKenzie, 127 La. 1063, 54 South. 351. Rulings more appropriate to the case before us were made in Capo v. Bugdahl, 117 La. 992, 42 South. 478; Smith v. Hussey, 119 La. 32, 43 South. 902;

and Legier v. Braughn, 123 La. 463, 49 South. 22.

Our answer to the question propounded by the Court of Appeal is in accord with the ruling of the district judge; that is, that the instrument sued on was, on its face, nothing more than a promise to sell and a receipt for earnest money. Therefore verbal testimony was not necessary, nor admissible, to prove that the $100 was earnest money.

It is ordered that this case be remanded to the Court of Appeal for further proceedings not inconsistent with the foregoing opinion.