No. 8978

Orleans Appeal.

---

OTTO SIZELER, Appellant v. MISS CATH-ERINE G. CLONEY AND EDWARD EGAN.

---

(May 25, 1925. Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Auctioneers—Par. 13.**
An adjudication at public auction completes the sale and vests in the adjudicatee the ownership of the property adjudicated.

(Note case of Etta Contracting Co. vs. Bruning, 134 La. 48, 63 South. 619, not reported under this subdivision in the Louisiana Digest. Editor's note.)

2. **Louisiana Digest—Auctioneers—Par. 4, 13; Sales—Par. 47.**
But where it does not appear that written authority was given the auctioneer by the owner to offer the property as required by R. C. C. 2606, the sale cannot have the effect of an adjudication at public sale properly authorized and the owner and adjudicatee will be regarded as promisor and promisee under agreement to sell and buy conventionally made and a deposit of 10% given the auctioneer under the terms of sale will be considered as the giving of earnest.

Appeal from Civil District Court, Hon. Percy Saint, Judge, acting for Hon. E. K. Skinner, Judge.

This is a suit for specific performance of an adjudication at a public auction. There was judgment for plaintiff to the amount of his deposit only and plaintiff has appealed.

Judgment amended and affirmed.

Howell Carter, Jr., Daniel Wendling, attorneys for plaintiff and appellant.

A. J. Peters, attorney for defendant and appellee.

WESTERFIELD, J. This is a suit for specific performance and in the alternative for damages. Defendants caused a number of pieces of real estate owned by them to be sold at public auction and plaintiff as the highest bidder became the adjudicatee of one of the parcels known as 1526 Iberville Street for the sum of $1600.00 paying to the auctioneer the sum of $160.00 or 10% of the purchase price. The terms of sale applicable to all the items sold including the one adjudicated to plaintiff were as appears by the public advertisement as follows:

"One-half or more cash, balance in one and two years, 8% interest, 10% deposit at time of sale. * * * . Rents to be collected by purchasers from date of signing act of sale."

The property adjoining the lot adjudicated to plaintiff was bought in at this same public sale by Mrs. Catherine G. Cloney, one of the defendants herein. This property had been leased to a party by the name of Walker for a term of years and his lease was recorded prior to the public sale. After the sale and while plaintiffs counsel were examining the title Walker made affidavit to the effect that though his lease referred only to 1532 Iberville (the adjoining property purchased by Mrs Cloney) nevertheless the lease was intended to and did embrace both properties 1532 and 1526 Iberville. When plaintiff discovered this inscription in the Conveyance office affecting the property adjudicated to him, he demanded that defendants as his vendors at the public sale, cause its erasure. Defendants were unwilling to take any steps to have the inscription of the affidavit removed and took the position that no lease verbal or otherwise had been given Walker of 1536 Iberville and that the only lease Walker held was of the premises 1532 Iberville which was in writing and contained no reference to 1526 Iberville. Title was tendered plaintiff cum onere and plaintiff declined to accept title unless the affidavit was removed or unless plaintiff would agree to an adjustment of rent as of the date of the act of sale in which event plaintiff was willing to recognize Walker's alleged lease of the property adjudicated to him claiming that the terms of sale entitled him to rent from the date of the act of sale. Defendants would not divide the rent insisting that the property sold plaintiff was not rented to Walker They offered to return the deposit made by plaintiff and finally to return the double treating it as earnest money. Plaintiff declined all offers adhering to his original position.

The trial court awarded plaintiff judg

ment for the amount of his deposit only and plaintiff has appealed.

The first question to be considered is whether the deposit in this case is earnest money or a payment on account of the purchase price. In other words was the transaction a sale or a promise to sell.

In Nosacka vs. McKenzie, 127 La. 1063, 54 South. 351, the court said:

"The question of whether the money paid by the defendants was earnest money, or was part of the purchase price, is a question of fact. It must be solved by ascertaining the intention of the parties, and this intention can be ascertained only by a consideration of all the facts in connection with the agreement of the parties."

And in Sonneman vs. Cutter, 10 Orleans App. 158, this court said:

"Whether or not money deposited by a purchaser is 'earnest money', is a question of fact dependent upon the intention of the parties to be deduced from a consideration of all the facts surrounding their agreement."

In Smith vs. Hussey, 119 La. 32, 43 South. 902, it was held:

"An agreement for the sale of real estate, which contemplates the passing of the property, not immediately and by virtue thereof, but by an act to be executed at a latter date and which in other respects, contain the elements essential to a sale, is a promise of sale, and, when 'made with the giving of earnest, may be receded from by either of the parties who has given the earnest, by forfeiting it, and he who has received it, by returning the double.' " (Syllabus.)

In Legier vs. Braughn, 123 La. 463, 49 South. 22, the court held that in the absence of evidence to the contrary the deposit of a sum of money at the time of the contract was presumed to be earnest money, saying:

"Earnest, in the civil law is a sum of money which one of the contracting parties

delivers to the other at the time of the contract and is presumed to be a forfeit, in the absence of evidence that the parties then and there intended to bind themselves by an irrevocable contract."

Plaintiff contends that whatever may be the law as to earnest money under conventional agreements in public sales title passes immediately and there is no giving of earnest, whatever deposit is made with the auctioneer being necessarily considered as part of the purchase price.

He cites the following articles of the Civil Code:

Art. 2601. The sale by auction is that which takes place when the thing is offered publicly to be sold to whoever will give the highest price.

Art. 2602. This sale is either voluntary or forced: voluntary when the owner himself offers his property for sale in this manner; forced, when the law prescribes this mode of sale for certain property, such as that of minors.

Art. 2604. The sale by auction, whether made at the will of the seller, or by direction of the law, is subjected to the rules hereafter mentioned.

Art. 2605. It cannot be made directly by the seller himself, but must be made through the ministry of a public officer, appointed for that purpose.

Art. 2607. When the highest price offered has been cried long enough to make it probable that no higher will be offered, he who made the offer, is publicly declared to be the purchaser, and the thing sold is adjudicated to him.

Art. 2608. This adjudication is the completion of the sale the purchaser becomes the owner of the article adjudged, and the contract is, from that time, subjected to the same rules which govern the ordinary contract of sale.

Art. 2609. If the adjudication be made on condition that the price shall be paid in cash, the auctioner may require the price immediately, before delivering possession of the thing sold.

Art. 2610. If the object adjudged is an immovable for which the law requires that the act of sale shall be passed in writing, the purchaser may retain the price, and the seller the possession of the thing, until the act is passed.

This act ought to be passed within twenty-four hours after the adjudication, if one of the parties require it; he who occasions a further delay is responsible to the other in damages.

Defendant replies that in Collins vs. Desmeret, 45 La. Ann. 114, 12 South. 121, it was held that an adjudication at public sale does not convey property but amounts only to a promise of sale, the parties thereto being in the same relation to each other as a "promisor and promisee in a promise of sale conventionally made."

But Collins vs. Desmeret was overruled if not expressly, certainly in effect, by the Etta Construction Co. vs. Bruning, 134 La. 48, 63 South. 619, where Justice Monroe in the opinion declares:

."The law and jurisprudence of the state establish the general rule (to which there are certain exceptions) that the adjudication at public auction completes the sale and vests in the adjudicatee the ownership of the property adjudicated."

However in order for public sales to have such effect it is necessary for the auctioneer to have written authority to offer the property as provided by R. C. C. 2606. If no such authority is given the auctioneer the title does not pass. Horang vs. Gheens Realty Co., 155 La. 87, 98 South. 760.

In the case before us there is no allegation nor proof to the effect that the auctioneer who adjudicated the property to plaintiff had written authority so to do. We therefore conclude that in this case the title did not pass by adjudication and the case must be considered as similiar to the case of a promise to sell under conventional agreement. Viewed in this light we have no difficulty in reaching the conclusion that the defendants were privileged

to withdraw from their agreement by tendering double the deposit which must be considered as earnest money.

Plaintiff admits tender of the double of the deposit by defendant prior to the institution of this suit. The costs must therefore be borne by plaintiff.

For the reasons assigned the judgment appealed from is amended so as to reward plaintiff the sum of $320.00, all costs to be borne by plaintiff and as thus amended it is affirmed.