## BRANCH v. ACME HOMESTEAD ASS'N.*
### No. 16389.

Court of Appeal of Louisiana. Orleans.

June 22, 1936.

Johnston Armstrong, of New Orleans, for appellant.

Legier, McEnerny & Waguespack, of New Orleans (Harry McEnerny, Jr., of New Orleans, of counsel), for appellee.

JANVIER, Judge.

Plaintiff alleges that by written contract she agreed to purchase from defendant homestead association certain real property in New Orleans bearing municipal number 2818 Cadiz street. She avers that she agreed to pay $3,500 for the property,

*Rehearing denied Oct. 5, 1936.

of which $175 was to be paid in cash. She further charges that the real estate broker employed by defendant corporation to sell the property had caused to be issued a printed advertisement in which it was stated that there were gas and electricity connected to each apartment of the building erected on the said portion of land, and that she was induced by the said advertisement to agree to the said purchase, but that, before taking title to the property, she discovered that gas was not connected to the apartments and that, in fact, there was no gas main connected with the building.

Her prayer seeks three different forms of relief, each in the alternative. In the first place she prays that defendant homestead association be ordered to install gas in each apartment in the said building; as a second alternative, she prays that the purchase price "be diminished by the expense necessary to have said installation made," and, also in the alternative, she prays that the amount of her deposit, which amount is not mentioned in the petition, be ordered returned to her with a like amount.

By prayer for oyer, defendant corporation compelled plaintiff to produce and file the written contract under which she agreed to purchase the property, and, when the said contract was filed, it appeared that it contained no reference to the gas connections in question. Thereupon defendant filed an exception of no cause of action, contending, in the first place, that, as a matter of law, the written agreement to purchase the property constitutes the entire contract between the parties, and that parol evidence may not be introduced to show that there was any other prior understanding, or any other prior representations as to the nature, character, condition, or improvements on or in the said property, and, in the second place, that if, as a matter of law, evidence may be introduced to show that there was a misrepresentation which would justify the cancellation of the contract, no one of the alternative remedies sought by her is authorized by law or is enforceable.

■■■ First we consider the prayer that defendant be ordered to install gas in each apartment of the building in question. Obviously, a court would have no power to enforce a decree ordering the defendant to install gas if such a decree were rendered. Where courts cannot enforce decrees of the character prayed for here, they should not render them. In other words, a court may not order specific performance where it cannot enforce the decree.

In the syllabus of Caddo Oil & Mining Co. v. Producers' Oil Company, 134 La. 701 64 So. 684, appears the following: "The court will not undertake to order the specific performance of a contract to drill oil wells; as the nature of the undertaking is such that the court would not be able to supervise the work so as to enforce its decree."

■■■ Nor have we the right to render a decree reducing the purchase price which plaintiff has agreed to pay. If, for any reason, she does not desire to take the property and she is justified in law in refusing, obviously she may refuse to carry out the contract, but she may not call upon the courts to change the contract for her. Courts may reform contracts, but only to make them comply with what the parties intended where, because of error, the written contract does not set forth the intent of the parties. They may not make new contracts.

■■■ The third alternative prayer is that the amount of the deposit be returned to plaintiff with a like amount. This claim is made on the theory that the deposit represents earnest money. But the contract under which the deposit was made specifically provides that it was made "as a part of the purchase price" and that it was "not to be considered as earnest money." Under these circumstances, article 2463 of the Civil Code, which provides for the forfeiture of earnest money on the one hand, or for the return of double the amount on the other, has no application. As illustrating the difference between a deposit made as a part of the purchase price and a deposit which may be considered as earnest money, see Nosacka v. McKenzie, 127 La. 1063, 54 So. 351; Genella v. McClure et al., 13 Orleans App. 128; Terrebonne v. Cheramie, 151 La. 929, 92 So. 388. Whatever plaintiff's rights may be, obviously she has no right to treat the deposit as earnest money and to seek the return of double the amount deposited. Whether she may seek the annulment of the contract, and, therefore, the return of the amount deposited as a part of the purchase price, is a matter which we find it unnecessary to consider. Nor, because of lack of jurisdiction, could we consider it if it were presented. See Roe v. Maniscalco et al., 15 La.App. 281, 131 So. 607; Hunley et ux. v. Ascani, 14 La.App. 95, 129 So. 164; Bussey v. Wise-

Miller, 14 La.App. 104, 129 So. 166; Bussey v. Barilleaux, 14 La.App. 82, 129 So. 167.

Since no one of the remedies prayed for may be afforded by judicial decree, it is obvious that her petition has set forth no cause of action.

It is, therefore, ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed at the cost of appellant.

Affirmed.