The plaintiff, Frank Lastie, brought this suit against defendant, Joseph M. Cortinas, for specific performance which emanated from an agreement to sell, dated August 15th, 1946.
The defendant filed exceptions of "no right or cause of action" which were overruled, and then answered admitting execution of the agreement "to sell plaintiff certain property", but denied that the plaintiff was entitled to specific performance and that plaintiff had failed to comply with the terms of the agreement to sell.
From a judgment in favor of plaintiff ordering defendant to comply with the agreement by transferring the property in question within thirty days and awarding plaintiff the sum of $125.00 as attorney's fees, defendant prosecutes this appeal.
The record reflects that this action for specific performance is predicated entirely upon the "receipt" which reads as follows:
"Aug. 15, 1946
Received of Mr. Frank Lastie Twenty-five __________ Dollars deposit on Account of lot A, Square No. 11, bounded by N. Claiborne, Reyne, Derbigny, Forstall measuring 34 feet front on Claiborne by 154 feet. Price $900.00 cash the $25.00 to apply to purchaser.
$25.00
Title in 90 days (Sign'd) J. M. Cortinas."
Plaintiff incorporated this receipt in his petition and alleged that "he has been ready and willing to accept title to said lot and has offered defendant the balance of the purchase price"; that he made "repeated demands" upon defendant to transfer title and that finally on February 4th, 1947, plaintiff wrote defendant and demanded the "transfer of title", but defendant "informed your petitioner in person that he would not go through with the sale". Plaintiff further alleged that defendant has not returned the deposit and that plaintiff is "entitled to, and desires the said lot which he has purchased."
Based on the foregoing allegations contained in plaintiff's petition, defendant contends that the court a qua erred in not maintaining his exceptions of "no right or cause of action", because "plaintiff's petition * * * failed to make the essential allegation that he was ready, willing and able to carry out the agreement within the time specified, and the fact that the $25.00 was earnest money to bind the sale".
Plaintiff, on the other hand, contends that "he is entitled to specific performance" by virtue of the provisions contained in Article 2462 of the Revised Civil Code, which reads as follows:
"A promise to sell, when there exists a reciprocal consent of both parties as to the thing, the price and terms, and which, if it relates to immovables, is in writing, so far amounts to a sale, as to give either party the right to enforce specific performance of same. * * *" *Page 464 
Although defendant does not specifically cite Article 2463 of the Revised Civil Code, his terminology indicates that he relies on the provisions thereof, which read as follows:
"But if the promise to sell has been made with the giving of earnest, each of the contracting parties is at liberty to recede from the promise; * * *".
In Searcy v. Gulf Motor Company et al., 37 So.2d 445, 447, decided November 3rd, 1948, by this Court, we discussed the subject of "earnest money" at length and we said:
"There is an abundance of jurisprudence on the question of the distinction between a contract of sale in connection with which a payment on account of the purchase price is made and a deposit made as earnest money in connection with an agreement to sell. We reach the conclusion that Livingston v. Southport Mill, 173 La. 120, 136 So. 289, 290, sets forth the present view on the subject and that unless there is an express stipulation to the contrary or unless the facts clearly show that the parties intended the contrary:
" '* * * Where one, under a contract to purchase, deposits money on account of the purchase price, the money so deposited is earnest money, though intended at the time of the consummation of the agreement, by the passage of the sale, to be applied on the purchase price. * * *'
"In a very interesting article in 6 Tulane Law Review at page 129, 'Sales — Recovery of Deposit — Earnest Money — Art. 2463, La. Civil Code of 1870,' appears the following:
" '* * * With the exception of the case of Nosacka v. McKenzie, 1911, 127 La. 1063, 54 So. 351, following Provenzano v. Glaesser, 1908, 122 La. 378, 47 So. 688, which case was overruled in Maloney v. Aschaffenburg, 1918, 143 La. 509, 78 So. 761, the jurisprudence in Louisiana has been uniform in establishing the rule that any money deposited by the vendee at the time of the contract to sell is presumed to be earnest money, even though it is referred to by the parties in their contract as being paid on account of the purchase price. Collins v. Desmaret, 1893, 45 La. Ann. 108, 12 So. 121; Capo v. Bugdahl, 1906, 117 La. 992, 42 So. 478; Legier v. Braughn, 1909, 123 La. 463, 49 So. 22 * * *.'
"The author of that article, referring to another exhaustive discussion of the subject in 11 Loyola Law Journal 121, 'The Function of Earnest Money in the Civil Law of Sales,' says:
" '* * * The jurisprudence since Maloney v. Aschaffenburg, supra, has so firmly established the foregoing rule, that it is now necessary for the parties, if they do not wish to forfeit the right of specific performance, to incorporate an express provision in their contract negativing any presumption that the sum deposited is earnest money. * * *'
"In this latter article the author makes the following statement (page 137):
" '* * * As a general statement, it may be said that there is a decided tendency on the part of the Supreme Court to construe an agreement to be a promise to sell rather than a contract of sale.' "
We are of the opinion that the contract sued upon here is not a sale, but a promise to sell, which was accompanied by the "giving of earnest" and cannot be specifically enforced. A fortiori the judex a quo should have maintained defendant's exceptions of "no right or cause of action" and dismissed plaintiff's suit, consequently and
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and there is now judgment in favor of defendant and against plaintiff, maintaining defendant's exceptions of "no right or cause of action" and dismissing plaintiff's suit at his cost.
Reversed. *Page 465